STRAUSE v. INSURANCE CO.

(Filed March 26, 1901.)

1. INSURANCE—*Title to Property Insured.*

  The purchaser of property on credit, the vendor retaining no lien thereon, has an insurable interest therein.

2. INSURANCE—*Use of Property Contrary to Policy.*

  An insurance agent may issue a permit to operate a mill at night, though the policy prohibits operation of the mill at that time.

3. INSURANCE—*Adjusting Loss—Waiver.*

  An adjuster of an insurance company may, by his acts or declarations, waive a requirement as to proof of loss, especially as to time.

4. PLEADING—*Filing Replication after Verdict.*

  It is descretionary with the Court to permit a replication to be filed after verdict.

ACTION by N. P. Strause and H. P. Strause, trading as Strause Bros., against The Palatine Insurance Company, heard by Judge *H. R. Starbuck* and a jury, at December Term, 1900, of PITT County Superior Court. From a judgment for plaintiff, the defendant appealed.

*Fleming & Moore,* and *Skinner & Whedbee,* for the plaintiff.

*Burwell, Walker & Cansler, Jarvis & Blow, Shepherd & Shepherd,* for the defendant.

CLARK, J.   This is an action upon a policy of fire insurance, the property therein insured having been destroyed by fire.   The defendant's brief relies upon three grounds.

1. That the interest of the insured in the property is not truly stated therein, and that it was not unconditional and sole ownership.

2. That the manufacturing establishment therein insured was operated at night contrary to the provisions of the policy.

3. That plaintiffs did not file proofs of loss as required by the policy.

As to the first ground, the plaintiffs had bought the property on credit and on trial, but the vendor retained no lien on it, and the plaintiff testified that he fully and accurately described his interest in the property to the defendant's agent who took down the description of the property, filled up the blanks in the policy, countersigned and issued the same. This was left to the jury. In such case "the agent is the *alter ego* of the company and his knowledge is the knowledge of the company." *Grubbs v. Ins. Co.,* 125 N. C., 395; *Bergeron v. Ins . Co.,* 111 N. C., 45, and cases there quoted from N. C. Reports.

The plaintiff had an insurable interest, 13 A. and E. (2nd Ed.), 144, 145, 178, 179, and cases cited. The knowledge by the agent of the facts at the time he issued the policy and taking plaintiff's money for insurance, estops the company, after the loss, to set up as a defence that the insured "did not have the sole and unconditional ownership required by the policy." *Hamilton v. Ins. Co.,* 22 L. R. A., 527; *Creed v. London,* 23 L. R. A., 177; *Forward v. Ins. Co.,* 25 L. R. A., 637; *Dowling v. Ins. Co.,* 31 L. R. A., 112; *Ins. Co. v. Fuller,* 40 L. R. A., 408; *Carpenter v. Ins. Co.,* 135 N. Y., 298.

As to the second ground, it is true that operating the mill at night would be a substantial violation of the terms of the policy, *Alspaugh v. Ins. Co.,* 121 N. C., 290., but here the agent was notified and night permits to operate mill were obtained from the agent. The fire occurred more than three months thereafter and was in nowise traceable, so far as the

evidence shows, to the working at night, which had long ceased.

3. As to the last ground of objection, the adjuster of defendant company a week after the fire said to plaintiff that the property was a total loss; that he was going off; that plaintiff need not telegraph, but the following week he would make up proof of loss and send them in to the company.

It is well settled that the adjuster of the insurance company may by his acts or declarations waive the requirements as to proofs of loss, especially as to time. *Dibbrell v. Ins. Co.,* 110 N. C., 193; *Horton v. Ins Co.,* 122 N. C., 504; *Little v. Ins. Co.,* 123 Mass., 380; *Perry v. Ins. Co.,* 11 Fed. Rep., 482; 13 Am. and Eng. Enc. (2nd Ed.), 350, note 6.

The "non-waiver" clause does not extend to conditions to be performed after the loss. *Dibbrell v. Ins. Co., supra.*

The Court had the discretionary power to permit plaintiff to file replication after verdict. Clark's Code, sec. 273 (3rd Ed.), and cases cited. In the present case "the Court inquired of defendant's counsel whether, if this reply had been filed before the trial, they would have conducted the case otherwise than as they had done, and offered for that cause to set aside the verdict and judgment and to grant a continuance if desired. The counsel informed the Court that they would not have offered other evidence, and did not desire verdict and judgment set aside on account of permission to file reply, but stood upon their exceptions taken during the trial and exception to said permission."

No error.