J. ROBERT LANDRETH v. AMERICAN EQUITABLE ASSURANCE
COMPANY OF NEW YORK.

(Filed 2 July, 1930.)

**Insurance J a—Where violation of provision of policy does not affect loss thereunder forfeiture will not be declared.**

Where under a policy of fire insurance providing for a forfeiture if any foreclosure proceedings under mortgage or deed of trust be commenced against the premises with the knowledge of the insured, foreclosure proceedings are instituted without the direct knowledge of the insured, who

hearing of the advertisement of the premises for foreclosure from a third person settles with the mortgagee and has the proceedings abandoned, and thereafter loss by fire is sustained during the life of the policy: *Held,* under a reasonable construction of the provisions of the policy, a forfeiture will not be declared, the insured having no direct knowledge of the foreclosure proceedings, and the loss occurring after the settlement with the mortgagee the risk under the policy was not affected at the time of the loss by the violation of the provision, and the policy was revived upon the discontinuance of the violation.

APPEAL by plaintiff from *Lyon, Emergency Judge,* at November Term, 1929, of GUILFORD. Reversed.

This is an action brought by plaintiff to recover on a $3,000 policy issued by defendant to plaintiff on a dwelling-house that was destroyed by fire.

The policy, No. 192184, was issued by defendant to plaintiff on 24 February, 1928, and was for the term of one year. The premium—$27.90—was duly paid by plaintiff to defendant. The plaintiff alleged that the policy was in full force and effect at the time the property insured was burned and all the terms, provisions and conditions contained in the policy were duly complied with on his part. That the loss suffered was $3,000; demand for payment made and refusal by defendant.

The defendant in answer sets up as a defense that the policy was a standard form and that certain of its provisions were violated, as follows:

"This entire policy shall be void, unless otherwise provided by agreement, in writing, hereto (ownership), etc.: (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple; or (c) if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed; or (d) if any change, other than by the death of an insured take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard); or (e) if this policy be assigned before a loss.

There was no agreement in writing or otherwise waiving or changing or in any way referring to the foregoing provisions (a), (b), (c), (d) and (e); nor was there any reference in the policy, by endorsement or otherwise, to any mortgage or deed of trust or other encumbrance upon the insured property nor to the ownership thereof by the insured and his wife by the entireties."

The plaintiff introduced evidence of estoppel *in pais* and waiver of the policy provisions. Upon the close of plaintiff's evidence, and at the

close of all the evidence, defendant made motions as in case of nonsuit. At the close of all the evidence the court below granted defendant's motion as in case of nonsuit. C. S., 567.

The plaintiff duly excepted, assigned error and appealed to the Supreme Court.

*Harry R. Stanley for plaintiff.*
*Frank P. Hobgood for defendant.*

CLARKSON, J. "It is the well settled rule of practice and the accepted position in this jurisdiction that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support his cause of action, whether offered by the plaintiff or elicited from the defendant's witnesses, will be taken and considered in its most favorable light for the plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom." *Morris v. Y. & B. Corp.,* 198 N. C., at p. 708.

The defendant in its brief frankly says: "As to whether the foregoing facts were made known to defendant's local agent, an incorporated insurance agency which issued the policy, is for the purpose of this review of a judgment of nonsuit precluded by the testimony of plaintiff who swore that he gave the agent the information. The circumstance that the agent denied that the information was given is upon this review immaterial. Defendant, appellee, contends that its argument 'May be compressed within a narrow compass. The policy provides that it 'shall be void,' 'if the knowledge of the insured  .  .  .  notice (be) given of sale of any property insured hereunder by reason of any mortgage or trust deed.' "

This presents the lone question on this appeal. The defendant's argument on this aspect was interesting and persuasive, but not convincing. Only one aspect of law we will consider. The land was advertised for sale under the mortgage. The testimony of plaintiff in regard to this was as follows: "Q. Well, you knew on 18 June, 1928, that W. W. Hobbs and wife began to advertise all of this property for sale under the power of sale in the mortgage from Mr. and Mrs. Lowdermilk to them? A. I was told one day about this, and I settled with Mr. Hobbs. I was told about it, but I had no notice of it.  Q. You knew it was advertised for sale?  A. I found it out, and then settled with him the day I found it out. I settled with him on another piece of property and I paid the cost of the advertisement. I never did see the advertisement which appeared in the *Greensboro Patriot* on 25 June, 1928. My father-in-law told me it was running one morning, and I settled it that very day."

LANDRETH *v.* ASSURANCE COMPANY.

The language of the policy, "The entire policy shall be void . . . if with the knowledge of the insured foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed." The question arises if plaintiff's testimony is found to be true by the jury is the policy void? We think not. The record discloses that the advertisement was started 15 June, 1928, and the sale to take place 21 July, 1928; that the property was destroyed by fire on 24 August, 1928. Before any sale of the property plaintiff, when informed by his father-in-law, immediately settled with the mortgagees and the advertisement of sale was discontinued. The provision in the policy has relation to the fact that when a sale is commenced with the knowledge of the insured, the risk is thereby increased, as the temptation arises to burn the property to procure the insurance money, so as to discharge the lien. The plaintiff immediately on getting outside information, other than certain and direct information from the mortgagees or their attorneys that the land would be advertised, which a reasonable construction of the policy seemed to require, settled the matter. A forfeiture under the facts and circumstances of this case would be too narrow and technical and contrary to the spirit of the provisions of the insurance policy.

We think this case is governed by *Horton v. Insurance Company,* 122 N. C., at p. 502-3. It is there said: "This brings before us a pure question of law, founded upon the charge of the court, in which we see no error. Admitting the validity of a provision rendering the policy void upon a contingency beyond the control of the assured, the only reasonable construction we can give to it is that it was intended to compel the assured to give notice to the company of any such proceedings or advertisement so that the company could exercise its right to declare the policy void, and return the unearned premium, which it was required to do by the very terms of the policy. But the assured could not be required to give information which she did not possess, and which came to her only in the same manner and through the same means that it came to the agent of defendant, whose knowledge is in law that of the defendant. It is probable that, as the agent lived in the same town where the newspaper was published, he saw the advertisement before the plaintiff, who lived in a different town. In any event she has violated no provision of the contract of insurance either in letter or in substance, as the notice of sale *was given without* her knowledge. If the defendant stands upon the letter of the contract, ignoring the equities of the plaintiff, he must be satisfied with what is given him by a literal interpretation. If he demands his full pound of flesh, he must take that and nothing more."

The cases, pro and con, are annotated in 50 A. L. R., p. 1122 *et seq.* The case of *Hayes v. Insurance Co.,* 132 N. C., 702, may be distinguished

on the ground that the mortgagee under the terms of the policy gave notice of the sale to the insured as contemplated by the policy. The fire in that case occurred during the period that the property was being advertised for sale. The sale took place 3 December, 1900, and the fire occurred 1 December, 1900. In the present case, the loss by fire occurred some two months after. We think the *Horton case* is the logic of the situation and authority in this case.

In *Cottingham v. Insurance Co.,* 168 N. C., at p. 260, we find: "The loss occurred as above stated, after the deed of trust was paid off and canceled. 2 Cooley Ins., 1780, citing many cases, says: 'The general rule that a breach of the condition against encumbrance is ground for forfeiture must be modified where the encumbrance is merely temporary and is not in existence at the time of the loss. It may be regarded as settled by the weight of authority that the effect of the encumbrance is merely to suspend the risk, and on cancellation or discharge of the encumbrance the policy is revived.' Elliott on Insurance, sec. 205, collating the authorities, also says: 'The weight of authority seems to support the view that a violation of a condition that works a forfeiture of the policy merely suspends the insurance during the violation, and if the violation is discontinued during the life of the policy and does not exist at the time of the loss, the policy revives and the company is liable, although it had never consented to the violation of the policy, and the violation was such that the company could, had it known of it at the time, have declared a forfeiture therefor.' To same purport, Phillips on Insurance, sec. 975, and 1 May Insurance (3 ed.), sec. 101; 2 A. and E., 288, and note. A case almost exactly in point is *Strause v. Insurance Co.,* 128 N. C., 64, where the defendant set up a defense that the mill was operated at night, contrary to the provisions of the policy, and this Court said: 'The fire occurred more than three months thereafter and was in no wise traceable so far as the evidence shows, to the work at night, which had long ceased.' "

We think perhaps there was sufficient evidence of knowledge on the part of defendant's agent as to the advertisement and the fact that no steps were taken to cancel the policy and some time elapsed before the fire, but this is immaterial. This matter has been recently written about in *Smith v. Insurance Co.,* 198 N. C., 578. The judgment of the court below is

Reversed.