LOUIS J. ZIBELIN AND WIFE. CENNIE C. ZIBELIN. v. PAWTUCKET
MUTUAL FIRE INSURANCE COMPANY.

(Filed 1 December, 1948.)

**1. Insurance § 19a—**

The provisions of the standard form of fire insurance policy are valid, and the rights and liabilities of both insurer and insured must be determined in accordance with its terms.

**2. Insurance § 24a—**

In order for denial of liability to dispense with the provision of the policy requiring the filing of proof of loss within a specified time, it must appear that such denial was made on *other grounds* within the time limited for filing of proof of loss.

ZIBELIN *v.* INSURANCE CO.

**3. Insurance § 22f—**

At the time of the issuance of the policy, knowledge of the local agent is ordinarily imputable to insurer, but after the policy has been issued and loss has occurred, the local agent has no authority to waive provisions or conditions in the policy contrary to the express limitation on his authority contained therein.

**4. Same—**

Insurer is ordinarily bound by waiver or extension of time for filing proof of loss based upon the acts of its officer or adjuster, but is not so bound by unauthorized acts of its local agent.

**5. Insurance § 24a—**

The allegations of the complaint disclose that after the occurrence of loss, insurer's local agent advised insured to defer filing formal claim until such time as materials could be obtained for repairs, and that insured failed to file proof of loss within the time specified in the policy and did not institute action on the policy until after the expiration of the time limited therein. There was no denial of liability by insurer on other grounds within the time limited for filing proof of loss. *Held:* Insurer's demurrer should have been sustained.

APPEAL by defendant from *Burney, J.,* August Term, 1948, of NEW HANOVER. Reversed.

Suit on standard fire insurance policy with windstorm coverage.

Plaintiff alleged issuance of policy 29 April, 1944, and damage to his dwelling house by wind 3 August, 1944. By formal stipulation as addenda to the complaint it was admitted that no written proof of loss was given until 6 April, 1946, and that no extension of the time limited by the policy for filing such proofs was given by the company. Suit was instituted 16 January, 1947. Plaintiff alleged, however, that immediately after the loss he reported it to the defendant's local agent who "advised plaintiff that due to inability to obtain building material at that time it would be advisable for the plaintiff to make such temporary repairs as possible and wait the formal filing of claim until such time as materials could be obtained and proper repairs made." Plaintiff further alleged that not being familiar with the terms of his contract he acted upon the suggestion and advice of defendant's agent and delayed filing formal written proofs of loss; that when same were filed (April, 1946) with defendant's local agent, liability was denied.

The policy in this case, a standard fire insurance policy with windstorm coverage, which was made a part of the complaint, provided, among other things, that (1) "No one has power to waive any provision or condition of this policy except such as by the terms of the policy is the subject of agreement added hereto, nor shall any such provision or condition be waived unless the waiver is in writing added hereto, nor shall

any provision or condition of this policy or any forfeiture be waived by any requirement, act, or proceeding on the part of this company relating to appraisal or to any examination herein provided for; nor shall any privilege or permission affecting the insurance hereunder exist or be claimed by the insured unless granted herein or by rider added hereto. (2) The insured shall give immediate notice, in writing, to this company, of any loss or damage, protect the property from further damage . . .; and the insured shall, within sixty days after the fire, unless such time is extended in writing by this company, render to this company a proof of loss, signed and sworn to by the insured. . . . (3) No suit or action on this policy for the recovery of any claim shall be sustained in any court of law or equity unless the insured has complied with all the requirements of this policy, nor unless commenced within twelve months next after the fire."

Defendant's demurrer to the complaint was overruled and defendant excepted and appealed.

*J. Hardie Ferguson for plaintiff, appellee.*
*Harriss Newman and Rountree & Rountree for defendant, appellant.*

DEVIN, J.  Unfortunately for the plaintiff, he failed to observe the terms of his policy and to comply with its plainly written provisions. The contract between the plaintiff and the Insurance Company embodied in the standard form of fire insurance policy is one prescribed by statute (G.S. 58-177), and its provisions have been held by this Court to be valid and just to insured and insurer. *Greene v. Ins. Co.,* 196 N. C. 335, 145 S. E. 616.  The rights and liabilities of both under the policy must be ascertained and determined in accord with its terms. *Insurance Co. v. Wells,* 226 N. C. 574, 39 S. E. (2) 741; *Midkiff v. Ins. Co.,* 197 N. C. 139, 147 S. E. 812; *Muse v. Assurance Co.,* 108 N. C. 240, 13 S. E. 94. There was here no denial of liability on other grounds by the Insurance Company within the time limited for filing proof of loss which would have dispensed with that requirement. *Mercantile Co. v. Ins. Co.,* 176 N. C. 545, 97 S. E. 476; *Gorham v. Ins. Co.,* 214 N. C. 526, 200 S. E. 5. While provisions in the policy restricting the local agent's power to waive conditions as a general rule do not include conditions existing at the inception of the contract, *Aldridge v. Ins. Co.,* 194 N. C. 683, 140 S. E. 706, the rule is otherwise as to those arising after the policy has been issued and loss has occurred. *Bullard v. Ins. Co.,* 189 N. C. 34, 126 S. E. 179; *Smith v. Ins. Co.,* 193 N. C. 446, 137 S. E. 310.  Suggestions made by the local agent to the insured after loss are not within the scope of his authority. *Horton v. Ins. Co.,* 122 N. C. 498, 29 S. E. 944.  Nor may he alter the terms of the policy after its issue and loss thereunder

has been reported. *Sun Ins. Office v. Scott,* 284 U. S. 177, 29 A. J. 623. Limitations on the agent's authority expressed in unambiguous language in the policy must be held binding on the insured. May on Ins., secs. 137-138. In *Tatham v. Ins. Co.,* 181 N. C. 434, 107 S. E. 450, it was held the provision in the policy limiting the time within which suit may be instituted was not extended or waived because of the time consumed under an agreement for appraisal. Plaintiff relied upon the suggestion and advice of defendant's local agent, but this cannot be held binding upon the company or to extend its liability, after the inception of the contract and after the loss, beyond that which it has undertaken and which is expressed in the written contract. As the parties have contracted so must they be bound.

The cases cited by plaintiff are not controlling on the facts here presented. At the time of issuing the policy the local agent *pro hac vice* represents the company and his knowledge is ordinarily held to be notice to his principal. But this rule does not apply to authorize extension of time for the performance of conditions precedent to establishing liability after the loss has occurred, and in direct contradiction of the terms of the written contract of insurance. While a waiver by an officer of the company or by an adjuster, who for the very purpose of determining and adjusting the loss has been called in by the Insurance Company, is generally held binding on the company as to filing proofs of loss (*Strause v. Ins. Co.,* 128 N. C. 64, 38 S. E. 256; *Dibbrell v. Ins. Co.,* 110 N. C. 193, 14 S. E. 506), that situation is not presented here.

The judgment overruling the defendant's demurrer is

Reversed.