LLOYD L. MEEKINS v. AETNA INSURANCE COMPANY.

(Filed 1 March, 1950.)

**1. Insurance § 25a—**

The statutory requirement that an action on a fire insurance policy must be instituted within twelve months after the loss unless a longer time to institute suit is agreed upon between the parties and such agreement appears on the face of the policy, is binding upon the parties in the absence of waiver or estoppel, and where insured, instituting action more than twelve months after the loss, relies upon the statutory exception he must plead facts bringing himself thereunder. G.S. 58-177.

**2. Insurance § 24a—Facts alleged held sufficient to constitute waiver of policy requirement as to time for furnishing proof of loss.**

In this action on a fire policy, insured alleged that he furnished proof of loss in due time, which proof was retained by insurer without objection, that negotiations were entered into for the payment or satisfactory adjustment of the loss, that some eleven months thereafter insurer, acting through the adjustment bureau, demanded additional proof of loss, which was given by insured on the forms furnished, which additional proofs were

refused for reasons other than failure to file same earlier, and that a third set of forms for proof of loss were furnished through the adjustment bureau more than fourteen months after the loss. *Held:* The complaint sufficiently sets up waiver by insurer of the provisions of the policy as to time within which proof of loss was required to be submitted.

**3. Insurance § 25a—**

The provision in a fire policy that action thereon must be instituted within twelve months after the fire is a contractual requirement and not a statute of limitations, and is subject to waiver or estoppel.

**4. Same—**

Where insurer enters into negotiations with insured and promises that the claim will be paid or satisfactorily adjusted upon completion of investigation, and thereafter insurer demands additional proof of loss without denying the claim too late for suit to be brought within the twelve months period, insurer waives the policy provision requiring action to be instituted within twelve months next after loss. G.S. 58-177.

APPEAL by defendant from *Nimocks, J.,* at October Term, 1950, of DARE.

This is an action instituted 17 September, 1949, on a policy of fire insurance issued on 2 July, 1947, by the defendant on a building and contents owned by the plaintiff, which building and contents were destroyed by fire on 25 July, 1947.

The plaintiff alleges in his complaint, among other things, the following: (1) Immediate notice of the fire loss or damage was given by the plaintiff to the defendant; (2) that thereafter defendant entered into negotiations with plaintiff with respect to payment of said fire loss and upon inquiry from time to time about the status of his claim he was advised the matter was having defendant's attention; and, he was promised that as and when the defendant had completed its investigation of the claim and had received the necessary or required data, his insurance claim would be paid and/or satisfactorily adjusted; (3) that such proof of loss as plaintiff had given was retained without objection by the defendant; (4) that on 26 June, 1948, the plaintiff made demand through an attorney for the payment of his claim, whereupon the Adjustment Bureau handling the claim for the defendant advised the attorney on 16 July, 1948, that it was the position of the defendant company that no proper proof of loss had been received (though plaintiff had theretofore given a demanded proof of loss, which had been retained by the defendant without objection), and that the matter would be given attention as and when such proof of loss was received; (5) that the attorney for the plaintiff then requested that forms for submitting proof of loss be furnished and that same would be filed without prejudice to the plaintiff's existing rights under the policy; (6) that additional forms for proof

of loss were furnished by the defendant through the Adjustment Bureau on 24 July, 1948, and proof of loss was sent to said Bureau on or about 11 August, 1948; that the defendant declined to accept said documents as satisfactory proof of loss for certain enumerated reasons set out in a letter to the plaintiff's attorney dated 28 September, 1948, none of which was based on the failure to file proof of loss earlier; (7) that the defendant on or about 28 September, 1948, furnished, through the Adjustment Bureau, additional forms for proof of loss, which forms were filled out, executed and forwarded to the defendant through said Bureau on 12 October, 1948, and that such proof of loss has been in the possession of the defendant or its agent since the above date; (8) that the defendant caused this plaintiff to be indicted and prosecuted for filing the proof of loss dated 12 October, 1948, contending that the plaintiff was guilty of making a false insurance claim in violation of G.S. 14-214, and that upon the trial of said criminal action in May, 1949, the plaintiff herein, defendant therein, was acquitted by the jury; (9) that the defendant now refuses to pay plaintiff's claim in the sum of $1,250.00.

The defendant demurs to the complaint on the ground that it does not state a cause of action, for that the plaintiff did not commence his action on the policy within twelve months next after the inception of the loss, as required by G.S. 58-177. Demurrer overruled and defendant appeals and assigns error.

*J. Henry LeRoy and John H. Hall for plaintiff.*
*Wilson & Wilson for defendant.*

DENNY, J. The demurrer interposed by the defendant raises two questions: (1) Is the plaintiff, in the absence of waiver or estoppel, bound by the provision in the Standard Fire Insurance Policy of the State of North Carolina, as set forth in G.S. 58-177, which requires that an action to recover thereon must be instituted within twelve months from the inception of the loss, unless a longer time for instituting suit has been agreed upon between the parties and such agreement appears on the face of the policy, as authorized by Chapter 378 of 1945 Session Laws of North Carolina, G.S. 58-177, and such extension of time is pleaded? (2) If so, does the complaint allege sufficient facts to constitute waiver or estoppel?

The first question should be answered in the affirmative. One who relies upon an exception in a statute, in order to obtain the benefit thereof, must so cast his pleading as to bring himself within the exception. McIntosh's N. C. Practice and Procedure, Section 357; 41 Amer. Jur., Pleading, Section 93; *Schlemmer v. Buffalo R. & P. R. Co.,* 205 U.S. 1, 51 Law Ed. 681; *Baldwin v. Lev,* 163 Misc. 929, 297 N.Y.S. 963;

*Rose v. Petaluma & S. R. Ry. Co.,* 64 Cal. App. 213, 221 Pac. 406; Anno.
130 A.L.R. 440, *et seq.    Cf. S. v. Johnson,* 229 N.C. 701, 51 S.E. 2d 186,
and *S. v. Davis,* 214 N.C. 787, 1 S.E. 2d 104.

Likewise, we think the second question should be answered in the
affirmative. Immediate notice of the fire and loss or damage was given
to the defendant, as required by the policy. Proof of loss was filed by
the plaintiff with the defendant and retained by it without objection.
Thereafter, defendant entered into negotiations with the plaintiff about
the payment of his claim and upon inquiry from time to time about its
status he was advised the matter was having defendant's attention; and,
he was promised that as and when the defendant completed its investi-
gation of the claim and had received the necessary or required data, the
claim would be paid and/or satisfactorily adjusted. But, not until
16 July, 1948, eleven months and twenty-one days after the fire, in
response to a demand for payment made by plaintiff through an attorney,
was the plaintiff informed that any additional data or proof of loss
was required of him. And this information was obtained from the
Adjustment Bureau and not from the defendant. Additional forms for
proof of loss were furnished by the defendant through the Adjustment
Bureau, on 24 July, 1948, eleven months and twenty-nine days after the
fire. The additional proof of loss was sent to the Adjustment Bureau on
or about 11 August, 1948. The plaintiff was informed by letter from
the Adjustment Bureau, dated 28 September, 1948, that the defendant
declined to accept said documents as satisfactory proof of loss for certain
enumerated reasons, none of which was based on the failure to file proof
of loss earlier; but, on the contrary, the defendant furnished through the
Adjustment Bureau additional forms for proof of loss, which were exe-
cuted and forwarded to the defendant through the Adjustment Bureau
on 12 October, 1948. It will be noted, these last documents to be used
in filing proof of loss under this policy were furnished by the defendant
or its agent more than fourteen months after the fire.

This Court said, in *Strause v. Insurance Company,* 128 N.C. 64, 38
S.E. 256: "It is well settled that the adjuster of the insurance company
may by his acts or declarations waive the requirements as to proofs of
loss, especially as to time." Here the allegation is to the effect that the
defendant, acting through the Adjustment Bureau, required the plaintiff
to file additional proofs more than fourteen months after the fire. We
think this is some evidence to support the view that the defendant waived
any provision in the policy as to the time in which proof of loss was
required to be submitted.

But what about the stipulation in the policy which requires any action
on the policy to be instituted "within twelve months next after the fire"?
This stipulation is a contract, and not a statute of limitations, and may

be waived, or the party for whose benefit it was inserted may be estopped by his conduct from insisting upon its enforcement. *Dibbrell v. Insurance Company,* 110 N.C. 193, 14 S.E. 783; *Hardy v. Insurance Company,* 180 N.C. 180, 104 S.E. 166; *Beard v. Sovereign Lodge,* 184 N.C. 154, 113 S.E. 661; *Brick Co. v. Gentry,* 191 N.C. 636, 132 S.E. 800; *Zibelin v. Insurance Company,* 229 N.C. 567, 50 S.E. 2d 290.

In the case of *Dibbrell v. Insurance Company, supra,* it is said: "As a general rule, if the insurer, through the conduct of any agent acting within the scope of his authority, leads the insured into an infraction of one of the conditions of a policy by insisting upon the performance of a duty enjoined by another clause of the policy, and inconsistent with the observance of such condition, the insurer will be estopped from insisting upon a forfeiture. . . . And it has been expressly held that 'statements by a local insurance agent that the plaintiff's loss was all right,' and that the company would pay the amount, constitutes a waiver by the company of the clause in the policy requiring formal proof of loss, and also 'the one barring suits not brought within one year.' . . . In *Muse v. Assurance Co.,* 108 N.C. 242, it is declared that such stipulations, operating as forfeitures, are construed strictly, and comparatively slight evidences of waiver have been held sufficient to prevent their enforcement. *Ripey v. Insurance Company,* 22 Barb. 552; *Ames v. Insurance Company,* 14 N.Y. 253."

Furthermore, in *Modlin v. Insurance Company,* 151 N.C. 35, 65 S.E. 605, this Court cited the case of *Titus v. Insurance Company,* 81 N.Y. 410, and quoted from the opinion therein the following: "When there has been a breach of a condition contained in an insurance policy, the insurance company may or may not take advantage of such breach and claim forfeiture. It may, consulting its own interests, choose to waive the forfeiture, and this it may do by express language to that effect, or by acts from which an intention may be inferred or from which a waiver follows as a legal result. A waiver cannot be inferred from its mere silence. It is not obligated to do so or say anything to make the forfeiture effectual. It may wait until claim is made under the policy, and then, in denial thereof, or in defense of a suit commenced therefor, allege the forfeiture. But it may be asserted broadly that if, in any negotiations or transactions with the insured, after knowledge of the forfeiture, it recognizes the continued validity of the policy or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is as a matter of law waived," citing in support thereof *Insurance Company v. Norton,* 96 U.S. 234; 24 L. Ed. 689; *Horton v. Insurance Company,* 122 N.C. 498, and *Collins v. Insurance Company,* 79 N.C. 279.

We think where an insurance company issues its policy, accepts the premium or premiums therefor, and the insured suffers a loss which the policy purports to cover, the insurance company will not be permitted to enforce the stipulation as to the time for instituting an action thereon, if it promises the insured his claim will be paid or satisfactorily adjusted, when the insurer completes its investigation and receives the necessary or required data, and the claim for loss is not denied nor demand made for additional proof of loss until too late for the suit to be brought within the stipulated time of twelve months next after the fire. In the case before us, if the plaintiff had been in a position to file additional proof of loss on 16 July, 1948, when he was first notified that the defendant had taken the position that his original proof of loss did not constitute a proper proof of loss, his claim would not have been due and payable until after the expiration of sixty days from the date of filing such proof of loss, if we concede the correctness of the defendant's contention that no proof of loss had been filed theretofore. If the defendant was acting in good faith in requiring these additional proofs of loss, then it cannot be doubted that it intended to waive the stipulated time for instituting an action for the collection of the claim. *Dibbrell v. Insurance Company, supra; Higson v. Insurance Company,* 152 N.C. 206, 67 S.E. 509.

We think the complaint alleges sufficient facts, if supported by competent evidence, to carry the case to the jury on the question of waiver and estoppel. It would seem that if the defendant, by its promises and conduct, was responsible for the delay in filing a proper proof of loss and waived the time for filing such proof until the claim thereunder did not fall due and payable until after the expiration of twelve months next after the fire, it would be estopped from enforcing the provision in the policy which requires the action to be brought within twelve months next after the fire. However that may be, the question of waiver and estoppel is one for the twelve.

*Tatham v. Insurance Company,* 181 N.C. 434, 107 S.E. 450, and similar cases, are not controlling on this record.

The ruling of the court below will be upheld.

Affirmed.