HOWARD F. SEALEY v. ALBANY INSURANCE COMPANY; CHRISTINE BRIDGMAN BULLOCK, ADMINISTRATRIX OF THE ESTATE OF RALPH BULLOCK; EMMA RHODES, ADMINISTRATRIX OF THE ESTATE OF GUTHRIE JOHNSON RHODES; HUBERT PAGE; ELBERT HAYES.

(Filed 20 January, 1961.)

**1. Principal and Agent § 4—**

While the fact of agency may not be proved by testimony of declarations of the alleged agent, the agent himself may testify as a sworn witness at the trial as to the fact of agency.

**2. Same: Insurance § 2—**

Where the authority of a person to cancel a policy as agent for the insurer is in issue, and insured's attorneys admit the authenticity of the contract of agency after copy had been furnished them as contemplated by G.S. 8-91, and the court excludes the testimony of the agent as to the fact of agency and also the contract of agency, although the agent had testified to its authenticity, a new trial must be awarded, since even if it were proper to exclude the oral testimony of the agent on the ground that his authority was in writing, the exclusion of the properly identified and authenticated contract of agency was prejudicial.

APPEAL by the defendant Albany Insurance Company from *Hall, J.,* September 1960 Civil Term, ROBESON Superior Court.

Civil action instituted by the plaintiff under the provisions of the Declaratory Judgment Act (Ch. 1, Article 26, General Statutes of North Carolina) for the purpose of having the court determine the rights and liabilities of the parties under a policy of insurance issued by appellant insuring the plaintiff against liability for bodily injury by reason of ownership and operation of a 1957 Mercury automobile No. 57ME30743M.

The plaintiff alleged that the appellant, "through its duly authorized representative, C. G. Mauney, issued and delivered" the policy to the plaintiff, covering the period of 12 months beginning June 12, 1959, and that on August 29, 1959, the plaintiff, while driving the insured vehicle, had an accident which resulted in the death of Guthrie Johnson Rhodes and Ralph Bullock, whose personal representatives instituted against the plaintiff civil actions for damages under the wrongful death statute. The plaintiff notified the insurer of these actions against him and requested insurer to defend them. This the insurer refused to do. The plaintiff asked the court to determine the liability of the insurer under the policy.

The defendant Albany Insurance Company filed answer, alleging that the plaintiff failed and refused to pay the premium on the policy which was due at the time it was issued and that after notice the policy was duly and effectively canceled on July 11, 1959, for failure to pay the premium, and at the time of the accident the policy was not in force. The appellant asked the court to enter judgment that the insurer was neither under contract nor obligated to defend the wrongful death actions, nor to pay any damages awarded in them.

The plaintiff offered in evidence the insurance policy, the appointments and pleadings of the personal representatives of Rhodes and Bullock in which the plaintiffs demanded damages for the wrongful deaths. The insurance policy contained the following provision:

"CANCELATION: . . . This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the company shall be equivalent to mailing."

After plaintiff rested, the appellant offered as a witness C. G. Mauney, alleged by the plaintiff to be the insurer's duly authorized

representative who issued and delivered the policy. Mr. Mauney offered to testify that the plaintiff did not pay the premium due on the policy and that he, Mauney, had authority on that ground to cancel the policy; that he gave the plaintiff notice of the cancellation by "certified" mail. He further offered to testify that he requested and received the "certified mail receipt." Mr. Mauney offered to testify that he was agent for the Albany Insurance Company; that his contract of agency was in writing. "I can identify this contract . . . It is an Agency Agreement between Albany Insurance Company and myself. . . . I was present at the execution of this document."

The plaintiff objected. The court sustained the objection. Whereupon, appellant offered a notice, pursuant to G.S. 8-91, served on plaintiff's counsel "to make written admissions that the following documents, which are attached hereto, are genuine: (1) . . . (2) Contract of agency between Albany Insurance Company and Mauney Insurance Agency." Plaintiff's counsel replied: " 'Request to Admit Genuineness,' dated September 8, 1960, received and with reference to same we admit, as counsel for plaintiff, that the papers executed were executed by the persons purporting to sign the same."

The agreement between Albany Insurance Company and Mauney Insurance Agency gave the agent authority "to issue and deliver policies . . . to collect and receipt for premiums thereon . . . to cancel such policies in the discretion of the Agent where cancellation is legally possible."

Mr. Mauney's evidence and the documents were excluded on the plaintiff's motion. The appellant duly excepted. The court submitted to the jury one issue: "Did the defendant Albany Insurance Company cancel the policy referred to in the complaint prior to August 29, 1959?" The court gave the jury peremptory instructions to answer the issue, No, and after the issue was so answered, judgment was entered that the codefendants "are entitled to the protection afforded them by the terms of the policy by reason of the accident which occurred on August 29, 1959."

The defendant Albany Insurance Company excepted and appealed.

*Sanford, Phillips, McCoy & Weaver, for defendant Albany Insurance Co., appellant.*

*Hackett & Weinstein, for plaintiff, appellee.*

*Britt, Campbell & Britt, for defendant Christine Bridgman Bullock, Admx., appellee.*

*L. J. Britt & Son, for defendant Emma Rhodes, Admx., appellee.*

*McLean & Stacy, for defendants Hubert Page and Elbert Hayes, appellees.*

HIGGINS, J.   The plaintiff introduced the insurance policy which he alleged was issued and delivered to him for the appellant by "its authorized representative, C. G. Mauney." The policy provided for cancellation. Mr. Mauney offered to testify that no premium was ever paid and that for that reason he had authority to and did cancel the policy in the manner provided. When the court refused to admit the testimony, Mauney identified his contract with the appellant and offered to testify that he had been acting under it for three years; that he knew the signature of the officer who signed it. The court still refused to admit the contract which showed Mauney's authority to cancel. The evidence was sufficient to identify and authenticate the contract. It should have been admitted in evidence. If the court excluded the agent's oral testimony on the ground his authority was in writing, then the exclusion of the writing was certainly prejudicial.

We apprehend that in this instance counsel and the court gave undue heed to the well recognized principle of law that agency and its extent may not be proved by the declarations and statements of the agent. The proposition is correct in a proper case. This is not such a case. "We know of no rule of evidence that does not allow an agent to go on the witness stand and testify that he is an agent. It is not a declaration, but the sworn evidence of a witness." *Machine Co. v. Seago*, 128 N.C. 158, 38 S.E. 805. "This is not a case of proving an agency by the declaration of the alleged agent, but by the testimony of an agent, under oath." *Hill v. Bean*, 150 N.C. 436, 64 S.E. 212. "It is a rule of universal application in this jurisdiction that agency cannot be proved by the mere declaration of the agent. . . . Of course, the agent may testify under oath as to the agency." *State v. Lassiter*, 191 N.C. 210, 131 S.E. 577. "Proof of agency as well as its nature and extent may be made by the direct testimony, but not by the extra-judicial declarations, of the alleged agent." *Jones v. Light Co.*, 206 N.C. 862, 175 S.E. 167. "While proof of agency, as well as its nature and extent may be made by the direct testimony, but not by alleged agent, . . . nevertheless it is well established that, as against the principal, evidence of declarations or statements of an alleged agent made out of court is not admissible either to prove the fact of agency or its nature and extent." *Commercial Solvents v. Johnson*, 235 N.C. 237, 69 S.E. 2d 716.

In this case the appellant offered and the court excluded oral testimony of the witness Mauney as to his authority to cancel the insurance policy here involved. Likewise, the court excluded the documentary evidence of the agent's authority after its identity and au-

thenticity were established not only by the testimony, but by the stipulation of counsel after a copy had been furnished them as contemplated by G.S. 8-91. For the court's error in excluding pertinent testimony on the issue of cancellation, there must be a

New trial.