GEORGE W. HORTON AND WIFE, MARGOT HORTON v. IOWA MUTUAL INSURANCE COMPANY AND NORTHWESTERN BANK

No. 7029SC340

(Filed 5 August 1970)

1. **Rules of Civil Procedure § 50— motion for judgment n.o.v. — consideration of evidence**

Upon motion for judgment *non obstante veredicto* under G.S. 1A-1, Rule 50(b) (1), all the evidence which supports plaintiffs' claim must be taken as true and considered in the light most favorable to plaintiffs, giving them the benefit of every reasonable inference which may legitimately be drawn therefrom, with contradictions, conflicts and inconsistencies being resolved in plaintiffs' favor.

Horton v. Insurance Co.

2. **Insurance § 128— fire insurance — time limitations for proof of loss and institution of suit — waiver by adjuster**

An insurance adjuster clothed with the authority to adjust and settle a fire insurance loss has the authority to waive the 60-day limitation for filing proof of loss and the 12-month limitation for instituting suit.

3. **Insurance § 128— fire insurance — waiver of policy time limitations — sufficiency of allegations**

In this action on a fire insurance policy, allegations in the complaint and the amendment thereto were not too indefinite for submission of issues as to whether defendant insurer had waived or was estopped to assert provisions of the policy requiring proof of loss within 60 days and the institution of suit within one year of the loss.

4. **Rules of Civil Procedure §§ 50, 59— conditional grant of new trial on issue of damages**

In this action on a fire insurance policy, the trial court did not err in conditionally granting defendants' motion under Rule 50(c)(1) for a new trial on the issue of damages for loss of contents on the ground that the amount awarded by the jury was excessive and appeared to have been given under the influence of passion and prejudice. Rule of Civil Procedure No. 59(a)(6).

APPEAL by plaintiff from *Snepp, J.,* 12 January 1970 Session of the RUTHERFORD County General Court of Justice, Superior Court Division.

This action arises from a fire which destroyed the plaintiffs' store and gasoline station located in Henrietta, North Carolina, on 10 November 1965. The plaintiffs' premises were insured by the defendant Iowa Mutual Insurance Company (Iowa Mutual) against loss by fire. The policy, No. F 442652, a standard fire insurance contract, was in full force and effect and all premiums had been paid as of the date of the fire. The limits of coverage provided were $4,000 on the building and $13,000 on the contents. The policy had a loss payable provision in favor of Northwestern Bank.

Under the provisions of the policy, a proof of loss must be filed within 60 days of the loss (unless such time is extended by the company) and suit must be instituted within one year of the loss. A proof of loss was not filed within the 60-day period and a suit was not instituted by the claimants herein within the period of one year from the time of loss. The question at trial, then, became whether the defendant waived these provisions by the statements or actions of its agents.

The jury held that the above two requirements had been waived and gave a verdict in the amount of the maximum coverage of the policy. This verdict was set aside and judgment notwithstanding the verdict was entered for the defendant as follows:

"JUDGMENT

THIS CAUSE COMING ON TO BE HEARD AND BEING HEARD before his Honor, Frank W. Snepp, Jr., Judge Presiding over the January 12, 1970, session of the Superior Court of Rutherford County, upon Motion of the Defendant, Iowa Mutual Insurance Company to set aside the verdict for the plaintiff rendered herein and to order judgment for the defendant notwithstanding the verdict, pursuant to Rule 50(b)(1) of the Rules of Civil Procedure for North Carolina and in accordance with previous motions for directed verdict made by the defendant Iowa Mutual Insurance Company and on the motion made for a new trial made pursuant to Rules 59, 50(b)(1), and 50(c)(1), of said rules.

IT APPEARING TO THE COURT that the jury answered the issues as follows:

1) Did the defendant waive, or is the defendant estopped to require, the filing of a proof of loss as required by the policy?

ANSWER: Yes.

2) Did the defendant waive, or is the defendant estopped to require, compliance with the policy requirement that suit on the policy be instituted within twelve months next after inception of the loss?

ANSWER: Yes.

3) What amount, if any, are plaintiffs entitled to recover for loss to their building?

ANSWER: $4,000.00.

4) What amount, if any, are plaintiffs entitled to recover for loss of their contents?

ANSWER: $13,000.00.

AND THE COURT FURTHER HAVING HEARD the argument of counsel for both sides, it is, therefore, ORDERED, ADJUDGED and DECREED:

1) The motion to set aside the verdict and for judgment for the defendant Iowa Mutual Insurance Company notwithstanding the verdict be and the same is hereby allowed and the plaintiff shall have and recover nothing of the defendant, Iowa Mutual Insurance Company.

2) Pursuant to Rule 50 (c) (1) of the rules, a motion for a new trial is hereby conditionally granted as to the Fourth issue of the verdict rendered by the jury in the event that judgment notwithstanding the verdict entered herein for the defendant Iowa Mutual Insurance Company is vacated or reversed on appeal, for the reason that the damages awarded to plaintiffs in answer to the said Fourth issue was excessive and appeared to have been entered under the influence of passion or prejudice.

3) The plaintiffs shall pay the costs of this action to be taxed by the Clerk.

This the 16th day of January, 1970.

'/s/ Frank W. Snepp, Jr.
Judge Presiding."

Plaintiffs appeal, assigning as error the granting of the motion to set aside the verdict of the jury and the entering of a judgment for the defendant, Iowa Mutual, as well as the conditional granting of a new trial by the trial judge on the Fourth issue.

*Hamrick and Hamrick by J. Nat Hamrick for plaintiff appellant.*

*Williams, Morris and Golding by William C. Morris, Jr., for defendant appellee.*

CAMPBELL, J.

[1] Upon a motion for judgment *non obstante veredicto*, under G.S. 1A-1, Rule 50 (b) (1), the sufficiency of the evidence upon which the jury based its verdict is drawn into question.

All evidence which supports plaintiffs' claim must be taken as true and considered in the light most favorable to plaintiffs, giving them the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in plaintiffs' favor.

*Musgrave v. Savings & Loan Association,* 8 N.C. App. 385, 174 S.E. 2d 820 (Filed 24 June 1970).

Applying this rule, if the plaintiffs have made out a case sufficient to go to the jury, then it was error to enter the judgment setting aside the verdict and granting a judgment for the defendant notwithstanding the verdict.

In the instant case the evidence for the plaintiffs would support a finding by the jury that on 11 November 1965, the day after the fire, Charles Z. Black Agency notified Kenneth Bostic, the North Carolina Claims Manager of the defendant, that there had been a loss by fire. Bostic testified that pursuant to this notification, "I employed General Adjustment Bureau of Shelby, North Carolina, to adjust the claim. Mr. Harold Payne in that Bureau handled the claim. I telephoned the coverage and asked him to adjust the claim for us. . . . He is, in fact, an independent adjuster and I gave him such information as I had and told him to do the necessary work to adjust the loss and thereafter, I received periodic reports from him. . . ."

Payne proceeded to communicate with the male plaintiff. Payne requested the male plaintiff to furnish income and sales tax reports and all of his invoices. Mr. Horton testified that Payne told him "he wanted to compile all this information so that he could pay me as soon as possible." About two weeks after the fire, "Mr. Payne said as long as we were negotiating that I would not have to file proof of loss, that they were going to pay me right off as soon as he got the necessary information together."

Plaintiffs also offered in evidence the following testimony from the male plaintiff of a conversation with Payne.

"I asked him would I have to bring suit against the company or was it necessary to instigate a suit before one year and he said, 'Oh, no, you don't have to do that, they are going to pay you as soon as I turn in this information, and get it compiled, they are going to pay you and it won't be necessary.'"

An objection to this testimony on behalf of the defendant was sustained, and plaintiffs assigned this for error. We are of the opinion that this testimony was competent, as shown hereafter.

In July or August 1966 the plaintiffs employed Oscar J. Mooneyham, an attorney of Rutherford County, to represent

them; and the plaintiffs discontinued further negotiations with Payne. On 14 October 1966 Payne wrote Mooneyham advising that the information theretofore received was unacceptable without other supporting evidence as to the stock of merchandise contained in the building at the time of fire. In this letter Payne suggested further steps and further information to be supplied in order to establish values. Mooneyham died during the Spring of 1967 and the plaintiffs procured present counsel. In April 1967 Payne was still working on the case attempting "to secure information regarding the values, regarding the stock of merchandise."

[2]    As far back as 1892, it was established in North Carolina that an insurance adjuster clothed with the authority to adjust and settle a fire insurance loss had the authority to waive the 60-day limitation for filing proof of loss and also the 12-month limitation for instituting a suit. Both sides of the question are clearly presented in the majority opinion and in the dissenting opinion in the case of *Dibbrell v. Insurance Co.*, 110 N.C. 193, 14 S.E. 783 (1892). Likewise, see *Strause v. Ins. Co.*, 128 N.C. 64, 38 S.E. 256 (1901) ; *Meekins v. Insurance Co.*, 231 N.C. 452, 57 S.E. 2d 777 (1950) ; *Gaskins v. Insurance Co.*, 260 N.C. 122, 131 S.E. 2d 872 (1963).

While an insurance adjuster has such implied authority, while adjusting losses, local agents are treated differently. See *Tatham v. Ins. Co.*, 181 N.C. 434, 107 S.E. 450 (1921) ; *Zibelin v. Insurance Co.*, 229 N.C. 567, 50 S.E. 2d 290 (1948) ; *Fleming v. Insurance Co.*, 269 N.C. 558, 153 S.E. 2d 60 (1967).

The case at bar involves Payne, an insurance adjuster, employed specifically to settle a loss; and we think this case falls under the Dibbrell line of cases and not the Tatham line.

[3]    In the instant case the fire loss occurred 10 November 1965. The action was not instituted until 7 November 1967, which was nearly two years after the loss and well beyond the 12-month limitation provision of the policy. In order for the plaintiffs to avail themselves of the doctrine of *estoppel* or waiver of this policy provision on the part of the defendant, they must plead it. We are not prepared to say that the allegations in the complaint and the amendment thereto are too indefinite to justify the submission of an issue on this question.

*Laughinghouse v. Insurance Co.,* 200 N.C. 434, 157 S.E. 131 (1931).

[4]   We hold that the judgment entered for defendant notwithstanding the verdict is reversed, and it is ordered that the jury verdict be reinstated on the first three issues. It is to be noted that Judge Snepp conditionally granted a motion for a new trial as to the fourth issue. This was done pursuant to Rule 50(c)(1), and the grounds therefore comply with Rule 59(a)(6). G.S. 1A-1 (Rules of Civil Procedure). In this we find no error. It is therefore necessary that this case be remanded to the Superior Court for determination of the fourth issue as to the amount plaintiffs are entitled to recover for loss of contents in the building.

Reversed in Part, and Remanded.

BRITT and VAUGHN, JJ., concur.