## W. C. VAIL AND WIFE, MAMIE S. VAIL v. VERMONT MUTUAL FIRE INSURANCE COMPANY

### No. 7218SC355

### (Filed 28 June 1972)

1. **Insurance § 128— fire policy — insurance adjuster — authority to waive limitation periods**

    An insurance adjuster clothed with the authority to adjust and settle a fire insurance loss has the authority to waive the 60-day limitation for filing proof of loss and the 12-month limitation for instituting suit.

2. **Insurance § 128— fire policy — limitation periods — waiver by adjuster**

    Evidence tending to show that an insurance adjuster employed by defendant fire insurer to adjust plaintiffs' claim continued to negotiate with plaintiffs for approximately two years after the fire was sufficient to support the trial court's determination that defendant had waived the 60-day limitation for filing proof of loss and the 12-month limitation for instituting suit.

3. **Trial § 57— rules of evidence — non-jury trials**

    The ordinary rules as to the competency of evidence which are applicable in a jury trial are to some extent relaxed in a trial before a judge without a jury, since the judge is able to eliminate incompetent and immaterial testimony.

4. **Insurance § 128— fire policy — waiver of limitation period — agency of adjuster — testimony by adjuster**

    Testimony by the head of an insurance adjusting company that his company was employed by defendant insurer to adjust plaintiffs' claim was competent to prove that an agency relationship existed between the insurer and the adjusting company for the purpose of waiving the 12-month limitation period within which plaintiffs were required to institute action on a fire policy.

5. **Principal and Agent § 4— proof of agency — declarations of agent — testimony by agent**

    While the fact of agency may not be proved by testimony of declarations of the alleged agent, the agent himself may testify at the trial as to the fact of agency.

6. **Appeal and Error § 57— findings of fact — appellate review**

    The trial court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by such findings will be affirmed even though there is evidence contra or even though some incompetent evidence may also have been admitted.

APPEAL by defendant from *Armstrong, Judge,* 1 November 1971 Session of GUILFORD Superior Court.

Plaintiffs instituted this action on 13 November 1968 seeking to recover $6,000 for damages to their home and personal property located therein allegedly caused by a furnace explosion and resulting smoke damage on 22 November 1965. The action is based on standard fire insurance policies issued by defendant to plaintiffs.

Defendant answered the complaint, admitting that the policy on the home was in full force and effect on 22 November 1965 but denied that plaintiffs were damaged to the extent alleged in the complaint. (At trial defendant stipulated that the policy on the personal property was also in full force and effect.) Defendant further alleged that plaintiffs did not submit a proof of loss or institute their action within the times provided in the policies.

Jury trial was waived. Following a trial the court found facts favorable to plaintiffs and rendered judgment in their favor for $1,711.62. Defendant appealed.

*Sprinkle, Coffield & Stackhouse by Irwin Coffield, Jr., for plaintiffs appellees.*

*Bencini, Wyatt, Early & Harris by A. Doyle Early, Jr., for defendant appellant.*

BRITT, Judge.

In its first assignment of error defendant contends that the court erred in overruling defendant's demurrer to the complaint, in not allowing defendant's motion for involuntary dismissal pursuant to Rule 41(b), and in signing and entering the judgment.

Defendant concedes in its brief that its demurrer to the complaint (filed 5 December 1968 before the effective date of the new Rules of Civil Procedure) was properly overruled on 17 January 1969 under authority of *Meekins v. Insurance Co.,* 231 N.C. 452, 57 S.E. 2d 777 (1950). Defendant insists, however, that its timely made motions for involuntary dismissal should have been allowed. We disagree.

[1] It appears to be well settled in this jurisdiction that an insurance adjuster clothed with the authority to adjust and settle a fire insurance loss has the authority to waive the 60-day limitation for filing proof of loss and the 12-month limita-

tion for instituting suit. *Horton v. Insurance Co.* and cases therein cited, 9 N.C. App. 140, 175 S.E. 2d 725 (1970); cert. den. 277 N.C. 251 (1970). The evidence in the instant case viewed in the light most favorable to plaintiffs tended to show:

Very soon after the occurrence plaintiffs duly reported the loss and defendant employed R. E. Pratt and Company, insurance claims adjusters, (Pratt) to adjust the claim with plaintiffs. Several months thereafter Pratt's adjuster, Mr. Cottrell, offered plaintiffs $1,156.67 in settlement of their claim. Plaintiffs rejected the offer and refused to sign the proof of loss submitted to them for that amount. On 9 May 1966 Pratt through Mr. Cottrell wrote plaintiffs calling their attention to the provisions of the policies regarding the filing of proof of loss and stated that although by negotiations defendant had waived the 60-day period for filing proof of loss defendant was insisting that the policies be complied with thereafter and enclosed proof of loss blanks. On or about 13 May 1966 plaintiffs submitted proof of loss in amount of $211.62 for damage to personal property and $2,137.12 for damage to real property. On 26 July 1966 adjuster L. G. Graham on behalf of Pratt wrote plaintiffs a letter advising that defendant had rejected the last mentioned proof of loss; the letter further stated: "Mr. R. E. Pratt with whom you discussed this loss recently is out of the State but is expected to return to the High Point area during the first part of August. In the meantime the writer will be happy to discuss this matter with you or your representative." Plaintiffs continued to negotiate with Pratt and around 1 November 1967 Mr. Pratt requested estimates on repairs to the house which were furnished but plaintiffs never received any payment.

[2] The competent evidence before the trial court was plenary to support the findings of fact and conclusions of law that defendant waived the provisions of the policies relative to times for filing proof of loss and institution of action and defendant is now estopped from taking advantage of the provisions to the detriment of plaintiffs. *Horton v. Insurance Co., supra.*

Defendant contends that the court's finding of fact that defendant waived the 12-month limitation for institution of the action was not supported by competent evidence, insisting that much of the evidence introduced was hearsay and that

no agency relationship between defendant and Pratt was proven. We disagree with these contentions.

[3-5] Although the court admitted incompetent testimony, in a trial before the judge without a jury, the ordinary rules as to the competency of evidence which are applicable in a jury trial are to some extent relaxed since the judge, being knowledgeable of the law, is able to eliminate incompetent and immaterial testimony. 7 Strong, N. C. Index 2d, Trial, § 57, pp. 376-377. A review of the evidence discloses that there was sufficient competent evidence to support the findings of fact. With respect to the contention that no agency relationship between defendant and Pratt was proven, among other evidence presented was the testimony of Mr. Pratt himself that his company was employed by defendant to adjust the plaintiffs' claim. It has been held that while the fact of agency may not be proved by testimony of *declarations* of the alleged agent, the agent himself may testify as a sworn witness at the trial as to the fact of agency. *Sealy v. Insurance Co.*, 253 N.C. 774, 117 S.E. 2d 744 (1961).

We have carefully considered the other contentions argued by defendant but find that they have no merit.

[6] It is settled law in this State that the trial court's findings of fact are conclusive if supported by any competent evidence and judgment supported by such findings will be affirmed even though there is evidence contra or even though some incompetent evidence may also have been admitted. *Fast v. Gulley*, 271 N.C. 208, 155 S.E. 2d 507 (1967); *Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E. 2d 772 (1967); *Anderson v. Insurance Co.*, 266 N.C. 309, 145 S.E. 2d 845 (1966). The findings of fact in the instant case are supported by competent evidence, therefore, they are deemed to be conclusive on appeal.

The judgment appealed from is

Affirmed.

Judges PARKER and HEDRICK concur.