EDITH SINK PENNELL v. SECURITY INSURANCE COMPANY AND NEW AMSTERDAM CASUALTY COMPANY

No. 7321SC310

(Filed 13 June 1973)

1. Insurance §§ 130, 137— fire policy — proof of loss — time limitations — waiver

An insurer, by the conduct and acts of its agents and adjusters, may waive the requirements in a fire insurance policy relating to the rendering of formal proofs of loss and the institution of an action within twelve months of the inception of the loss.

Pennell v. Insurance Co.

2. Insurance §§ 130, 137— fire policy — proof of loss — time limitations — genuine issue as to waiver

In an action on a fire policy, there was a genuine triable issue as to whether defendant insurers waived requirements of the policy relating to filing formal proof of loss and institution of an action within twelve months where plaintiff filed affidavits and exhibits tending to show that defendants offered to pay for the loss and continually negotiated with plaintiff as to the amount, that defendants repeatedly assured plaintiff her claim would be paid, and that defendants' adjuster wrote plaintiff more than twelve months after the fire that plaintiff or her representative should contact him immediately if she wished to pursue the matter.

APPEAL by plaintiff from *Armstrong, Judge,* 30 October 1972 Session of Superior Court held in FORSYTH County.

This is a civil action instituted by plaintiff on a standard fire insurance policy issued by defendants to recover $10,000.00 for damages to her home and personal property located therein allegedly caused by fire on 8 October 1968.

Defendants filed a motion for summary judgment, supported by an affidavit, on the grounds that plaintiff had failed to comply with the requirements of the policy relating to the filing of a signed proof of loss and the institution of the action within twelve months.

Plaintiff filed affidavits and exhibits in opposition to the motion.

The trial court, after making detailed findings of fact and conclusions of law, entered a judgment dismissing plaintiff's claim. Plaintiff appealed.

*White & Crumpler by Michael J. Lewis for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by James H. Kelly, Jr., for defendant appellees.*

HEDRICK, Judge.

The trial judge in substance, if not in form, allowed the defendants' motion for summary judgment.

The affidavit of defendants' Claims Manager, filed in support of their motion for summary judgment, tended to show that plaintiff had failed to comply with the requirements of the policy relating to filing a signed and sworn proof of loss,

"and further, that the defendants have never waived the one-year limitation of action clause in the policy." Plaintiff does not contend that she rendered defendants a signed and sworn formal proof of loss within sixty days of the loss, and it is obvious her action was not commenced within twelve months of the inception of the loss. Therefore, unless the record contains evidence that defendants waived the requirements of the policy relating to the filing of formal proof of loss and the institution of the action within twelve months, summary judgment for defendants was appropriate.

[1] It appears to be well settled in this jurisdiction that an insurer, by the conduct and acts of its agents and adjusters, may waive the requirements in an insurance policy relating to the rendering of formal proofs of loss and the institution of an action within twelve months of the inception of a loss. *Meekins v. Insurance Co.*, 231 N.C. 452, 57 S.E. 2d 777 (1950); *Strause v. Ins. Co.*, 128 N.C. 64, 38 S.E. 256 (1901); *Vail v. Insurance Co.*, 14 N.C. App. 726, 189 S.E. 2d 527 (1972); *Horton v. Insurance Co.*, 9 N.C. App. 140, 175 S.E. 2d 725 (1970), cert. denied 277 N.C. 251 (1970).

The affidavits and exhibits filed by plaintiff in opposition to the motion for summary judgment, except where quoted, are summarized as follows:

After the fire on 8 October 1968, plaintiff notified defendants within sixty days and visited the site of the fire with two of defendants' agents. Plaintiff gave the defendants an itemized list and value of the property destroyed in the fire. The defendants offered to pay the plaintiff, and she and her sons "continuously" negotiated with the defendants as to the amount of the loss. She and her sons "repeatedly" called the defendants and were assured her claim would be paid. Defendants never furnished plaintiff with proof of loss forms.

Plaintiff received the following letter:

"GENERAL
    ADJUSTMENT
        BUREAU, INC.                    611 Peters Creek Parkway

P. O. Box 448—Winston-Salem, North Carolina 27102

October 24, 1969

Mrs. Edith Sink Pennell
P. O. Box 1358
Winston-Salem, N. C.

Dear Mrs. Pennell:

> Fire 10-8-68
> Our File 23447-30339
> Security Insurance Company
> Policy #H 93 2004

It is imperative that you or your representative contact me immediately concerning the above if you wish to pursue the matter. Otherwise, I am going to close my file. The policy contract has already been violated by you by not submitting Proof of Loss within ninety days of the date of the loss.

Yours very truly,

W. O. Andrews, Jr.
Adjuster

WOAjr.:ajm"

[2] We hold that the evidence tending to show that the defendants offered to pay for the loss and continually negotiated with the plaintiff as to the amount, that the defendants repeatedly assured plaintiff that her claim would be paid, and that more than twelve months after the fire, the adjuster wrote the letter dated 24 October 1969, is sufficient to show that there is a genuine triable issue as to whether defendants waived the requirements of the policy relating to filing formal proof of loss and institution of the action within twelve months. The judgment appealed from is

Reversed.

Judges BRITT and BALEY concur.