F & D COMPANY v. AETNA INSURANCE COMPANY

No. 805SC1112

(Filed 7 July 1981)

Insurance § 143— *insurance on yacht—physical loss or damage—statute of limitations*

    Where an insurance policy on a yacht did not contain provisions requiring the insured to submit a written proof of loss as a condition to recovery under the policy, a cause of action against the insurer accrued at the time the physical loss or damage giving rise to the action occurred rather than when. the insurer received written proof of loss and refused to pay the loss; therefore, a policy provision requiring an action on the policy to be commenced "within twelve months next following the physical loss or damage" was not in conflict with the provisions of G.S. 58-31 prohibiting insurance policies from limiting the time within which suit may be brought "to less than one year *after the cause of action accrues."*

    Judge WELLS dissenting.

APPEAL by plaintiff from *Fountain, Judge.* Judgment entered 23 September 1980 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 7 May 1981.

This is a declaratory judgment action seeking to interpret several provisions of an insurance policy issued to plaintiff F & D Company by defendant Aetna Insurance Company. The facts, stipulated to by the parties, may be summarized as follows:

Plaintiff was issued a policy of insurance by defendant covering plaintiff's yacht. Among other things, the policy included insurance against physical loss and damage from external causes. The policy excluded coverage against wear and tear, gradual deterioration, and weathering. While plaintiff's boat was moored in open berth at the Bradley Creek Marina in Wrightsville Beach, it was damaged as a result of its partially sinking on 9 October 1976. Plaintiff's action was commenced on 2 March 1978. The insurance policy contains the following provisions under a section entitled "General Conditions":

8. Notice of Accident, Claim or Suit.

(a) In the event of any occurrence which may result in loss, damage or expense for which the Company is or may become liable, the Insured shall give immediate written notice thereof to the Company.

. . .

10. Payment of Loss. In case of loss, such loss shall be paid within thirty days after written proof of loss and proof of interest in the Yacht shall have been given to the Company; all indebtedness of the Insured to the Company being first deducted.

11. Limit of Time for Suit. No suit or action against the Company shall be maintainable in any court unless, as a condition precedent thereto, the Insured shall have complied with all of the warranties, terms and conditions contained in this policy and unless:

(a) In respect of any claim for physical loss of damage to the property insured under this policy or any charge

or expense incurred under Sections "A", "E" or "F" of this policy, such suit or action is commenced within the twelve months next following the date of the physical loss or damage out of which such claim arose.

. . .

Provided that where any of the above limitations of time is prohibited or invalid by or under any applicable law, then and in that event no suit or action shall be commenced or maintainable unless commenced within the shortest limitation of time permitted under such law.

After a hearing, the trial court made the following pertinent findings and conclusions:

4. That pursuant to Section 11 of the General Limitations of the Policy attached to the Stipulations [as] Exhibit A it is provided that an action or suit against the Defendant Company must be brought within 12 months of an alleged loss or damage.

5. That pursuant to Stipulation #5 it is provided that "This action was commenced on March 2, 1978 said date being more than twelve months next following the date of the physical loss or damage act of which this action arose["].

Based on the above stipulated facts, the Court makes the following conclusions of law:

1. That the Insurance Policy issued by the Defendant as contained in Exhibit A provides an action or suit against the Defendant Company must be brought within 12 months after the alleged loss or damage out of which the action arose.

2. That the Plaintiff instituted this action on March 2, 1978 which is more than 12 months after the date of the loss or damage which occurred on October 9, 1976, in violation of Paragraph 11 of Section A of Exhibit A attached to the Stipulations filed with this Court.

From a judgment entered for defendant and dismissing plaintiff's action, plaintiff appealed.

*Sperry, Scott & Cobb, by Herbert P. Scott, for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley, by William Robert Cherry, Jr., for defendant appellee.*

HEDRICK, Judge.

Plaintiff's sole assignment of error is set out in the record as follows:

> That the Court erred in finding as a fact and concluding as a matter of law that this action was barred by a limitation period set forth in the policy of insurance, and further erred by entering Judgment based upon such finding and conclusions.

Plaintiff contends that because Paragraph 11(a) under "General Conditions" in the policy in question provides that actions by the insured against the insurer must be brought "within the twelve months next following the date of the physical loss or damage" giving rise to the action, the policy provides for a shorter period within which the insured can bring suit against the insurer than is permitted by G.S. § 58-31, and thus Paragraph 11(a) is void. We do not agree.

G.S. § 58-31 in pertinent part provides:

> No company or order, domestic or foreign, authorized to do business in this State under this Chapter, may make any condition or stipulation in its insurance contracts concerning the court of jurisdiction wherein any suit or action thereon may be brought, nor may it limit the time within which such suit or action may be commenced to *less than one year after the cause of action accrues* .... All conditions and stipulations forbidden by this section are void. [Emphasis supplied.]

We are of the view that under the policy in question, a cause of action against the insurer would accrue at the time the physical loss or damage giving rise to the action occurred, and thus the limitation provision of the policy, Paragraph 11(a) under "General Conditions," is not in conflict with G.S. § 58-31. Paragraph 8(a) under "General Conditions" requires that the insured give "immediate written notice" to the insurer in the event

of an occurence which may render the insurer liable under the policy. Paragraph 10 under "General Conditions" merely requires that the insurer pay for a loss within thirty days after being given written proof of the loss and proof that the insured has an interest in the insured property; neither that paragraph nor any of the other provisions of the policy contain a *requirement* that the insured file a written proof of loss before the insured could recover on the policy. In addition, the policy provisions mention no waiting periods before the insured can bring suit against the insurer.

Our attention is drawn to the cases of *Modlin v. Insurance Co.*, 151 N.C. 35, 65 S.E. 605 (1909); *Heilig v. Insurance Co.*, 152 N.C. 358, 67 S.E. 927 (1910); *Millinery Co. v. Insurance Co.*, 160 N.C. 130, 75 S.E. 944 (1912); and *Meekins v. Insurance Co.*, 231 N.C. 452, 57 S.E. 2d 777 (1950), which purportedly stand for the proposition that a cause of action against the insurer for a loss under the policy does not accrue until the insurer has received written proof of loss and has refused to pay the loss. Without passing on the merits of this proposition, we simply note that these four cases are clearly distinguishable from the case at bar in that the insurance policies involved in those cases, unlike the policy in question here, contained provisions requiring that the insured submit a written proof of loss *as a condition* to recovery under the policy.

Since the parties stipulated that plaintiff did not commence this action until more than one year after the date of loss, we conclude that the trial court properly entered judgment for defendant and dismissed plaintiff's action on the basis that plaintiff's action was barred by Paragraph 11(a) under "General Conditions" of the policy in question. Plaintiff's assignment of error cannot be sustained.

The judgment appealed from is

Affirmed.

Judge MARTIN (Harry C.) concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

I believe that the provisions of the policy in question are ambiguous as to when plaintiff might have been at liberty to sue upon its loss. While the policy does not contain a "waiting period" provision with respect to plaintiff's right to bring an action, and does not use the word "require" in the proof of loss clause, it is only reasonable and logical to assume defendant would have no obligation under the policy to pay plaintiff for a loss until it was established and quantified in a proof of loss. Such a proof of loss was apparently furnished defendant on 8 February 1977 in the form of a marine "survey" performed at the request of defendant. In my opinion, defendant had 30 days following 8 February 1977 in which to evaluate the proof of loss and make its determination to pay or not to pay the loss. To me, this means plaintiff's cause of action would, within the meaning of G.S. § 58-31, have accrued on 10 March 1977. The action having been commenced on 2 March 1978, I believe that the statute controls over the policy limitations and that the action was timely instituted. My vote is to reverse the judgment of the trial court.