F. T. FLEMING, SR., v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN.

(Filed 1 March, 1967.)

**1. Insurance § 64—**

Provisions of a liability policy to the effect that insurer would not be liable for injury or damage inflicted by insured until after insured's liability had been determined by judgment or by written agreement of the insured, insurer and the claimant, are valid and preclude recovery against insurer in the absence of such judgment or agreement or a waiver thereof.

**2. Same—**

Evidence merely that some person in liability insurer's claim department answered claimant's telephone call and promised that insurer would pay the bills for repairs to and loss of time of claimant's vehicle is insufficient to show a waiver by insurer of its policy provision requiring as a condition precedent that insured's liability be established by judgment or by written agreement of the parties, there being no evidence that the person answering the telephone in insured's claim department was acting within the scope of her authority or that her promise was supported by consideration or that claimant had surrendered any right in reliance upon her promise.

**3. Principal and Agent § 5—**

A person dealing with a known agent must be reasonably diligent to ascertain whether the agent is acting within the scope of his authority, and there is no presumption that one who answers the telephone in the business office of the principal may waive verbally provisions of the principal's written contract in direct violation of its terms, or otherwise bind the principal in matters of importance, and the burden of showing the agent's authority to waive written provisions of a contract is upon the party asserting such waiver.

APPEAL by plaintiff from *Falls, J.,* at August 1966 Term, of HENDERSON Superior Court.

Plaintiff brought suit against the defendant to recover upon an alleged oral agreement whereby the defendant agreed to reimburse the plaintiff the sum of $759.80 for cost of repairing plaintiff's tractor and the additional sum of $1,600 for loss of the use of the tractor.

The plaintiff's evidence tended to show that the defendant had issued to Riegel Textile Mills, Inc., a policy of insurance in which the defendant agreed to pay all claims for which the Riegel Textile Mills became liable arising out of the ownership and negligent operation of its motor vehicles; that on 18 May, 1965, while the policy was in full force and effect, that Riegel's truck negligently damaged the tractor of the plaintiff; that the plaintiff later called the office of the defendant in Charlotte, asked to speak to someone in the claims department about an accident and, thereupon, talked with Mrs. B. Graham, who worked in the claims department of defendant.

Plaintiff's evidence tended to show that after looking into the matter Mrs. Graham said to "have the truck fixed and they would pay the bills — and pay the lost time on the truck"; that the cost of repairs was $759.80; that it took 16 days to complete the repairs, during which time the plaintiff rented a tractor at a cost of $100 a day. Plaintiff's evidence was to the effect that later his son went to Charlotte to try to collect the bill, and that Mrs. Graham said "she was sorry but they could not pay the bill."

During the presentation of plaintiff's evidence he introduced the insurance policy issued by the defendant to Riegel Textile Mills, Inc., which included the following provisions:

"*Action Against Company.* No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Any person or organization or the legal representative thereof

who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability. * * *

"*Changes.* Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any rights under the terms of this policy; nor shall the terms of this policy be waived or changed; except by endorsement issued to form a part of this policy, signed by an executive officer of the company."

The plaintiff offered no evidence as to the authority of Mrs. Graham other than that she worked in the claims department of the defendant.

The defendant offered no evidence and at the conclusion of plaintiff's evidence moved for judgment as of nonsuit, which motion was allowed.

The plaintiff appealed.

*Redden, Redden & Redden for plaintiff appellant.*
*William J. Cocke, Boyd Massagee for defendant appellee.*

PLESS, J. The obligation of Riegel Textile Mills to pay the plaintiff has not been determined either by judgment, or "by written agreement of the insured, the claimant and the company". Under the terms of the policy the above is a condition precedent to any claim or action against the defendant. It also provides that the terms of the policy cannot be "waived or changed, except by endorsement issued to form a part of this policy, signed by an executive officer of the company".

In *Muncie v. Ins. Co.*, 253 N.C. 74, 116 S.E. 2d 474, in which the plaintiff was seeking to hold the defendant under an automobile liability policy, the Court said where a provision of the policy is valid, the parties are entitled to have it enforced as written, and "this Court has consistently held that plaintiff has the burden of showing that he has complied with those conditions precedent to his right to maintain his action"; and "the general rule requiring plaintiff to establish compliance with contractual conditions precedent has general recognition". It also holds that "the general rule imposing on plaintiff the burden to establish his compliance with conditions precedent to the maintenance of his action has been frequently applied in actions on liability policies by courts of sister

States". Fourteen North Carolina cases and more than a dozen from other States are cited to substantiate the above.

But the plaintiff contends that the defendant entered into a verbal agreement to pay which gave rise to an action in favor of the plaintiff to enforce it. While he does not plead in technical terms a waiver of the provisions of the policy, his position, if sustained, would have that result. Thus, unless the plaintiff can offer evidence waiving by other means the provisions of the policy, he cannot prevail.

He seeks to prove this by an alleged statement of a lady in the claims department of the defendant that they would pay the bills for having the plaintiff's truck fixed, and that they would pay for another tractor to do the hauling while the vehicle was being repaired. The evidence is completely silent as to the position of Mrs. Graham with the defendant company. There is no presumption that one who answers the telephone in a business office may waive the provisions of an insurance policy in direct violation of its terms, nor otherwise bind the employer in matters of importance.

"A third person dealing with a known agent may not act negligently with regard to the extent of the agent's authority or blindly trust the agent's statements in such respect. Rather, he must use reasonable diligence and prudence to ascertain whether the agent is acting and dealing with him within the scope of his powers. The mere opinion of an agent as to the extent of his powers, or his mere assumption of authority without foundation, will not bind the principal; and a third person dealing with a known agent must bear the burden of determining for himself, by the exercise of reasonable diligence and prudence, the existence or nonexistence of the agent's authority to act in the premises." 3 Am. Jur. 2d, Agency § 78.

In his brief the plaintiff cites a number of North Carolina cases as well as other authorities to the effect that an agent of an insurance company may by his acts or declarations waive certain provisions of the policy. An examination of the authorities cited shows, however, that these usually refer to requirements as to proof of loss, filing them on time, and other similar technicalities. In all instances cited wherein a waiver results, it requires that if the insurer "through the conduct of an agent acting within the scope of his authority" cause the third party to lose a substantial position, etc., the insurer may be bound.

In *Williams v. Highway Comm.*, 252 N.C. 514, 114 S.E. 2d 340, the plaintiffs sought to introduce a statement made by an employee of the defendant in regard to damages which was excluded by the lower court. Winborne, C.J., speaking for the Court, said: "The extra-judicial declarations were not competent to prove the

agency of the declarant. * * * Even if it be conceded that declarant was respondent's agent, there was no showing that the quoted statements were within the scope of authority of declarant, and the burden of so showing was on petitioners. *Fanelty v. Jewelers,* 230 N.C. 694, 55 S.E. 2d 493; *Sledge v. Wagoner, supra."*

Here we have nothing more to show agency than that Mrs. Graham answered the telephone and the plaintiff has noticeably failed in the necessary requirement of showing that she was acting within the scope of her authority.

The record does not indicate any consideration moving to the defendant for the alleged admission of liability by Mrs. Graham, and the plaintiff has surrendered no right in the transaction. We can find nothing in this record to prevent the plaintiff from suing Riegel and establishing its negligence, (which would eventually result in liability on the part of the insurer) if the evidence as to the collision will permit.

We are of opinion that the action of the lower court in sustaining the motion for judgment as of nonsuit was correct, and it is hereby

Affirmed.