DAVID E. BRANCH, ADMINISTRATOR OF THE ESTATE OF CHERYL LYNN BRANCH v. THE TRAVELERS INDEMNITY COMPANY AND UNIGARD MUTUAL INSURANCE COMPANY

No. 8726SC861

(Filed 3 May 1988)

Insurance § 69— underinsured motorist coverage—failure to comply with condition precedent—insurer not prejudiced—renunciation of subrogation right by insurer

While plaintiff's failure to obtain the written consent of defendant insurer before settling a tort claim against an underinsured motorist violated a provision expressly denominated by the policy as a condition precedent to underinsured motorist coverage, defendant was not prejudiced by this non-compliance in view of its renunciation of all right to be subrogated against an underinsured motorist.

APPEAL by plaintiff from *Snepp, Frank W., Jr., Judge*. Judgment entered 9 June 1987 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 4 February 1988.

Plaintiff filed this civil action on 9 December 1985 seeking payment of sums claimed owing under the underinsured motorist coverage provisions of two policies—one issued to plaintiff's decedent by defendant The Travelers Indemnity Company (Travelers) and the other to decedent's parents by defendant Unigard Mutual Insurance Company (Unigard). Both defendants filed answers admitting execution of the policies, and both defendants moved for summary judgment. Discovery was engaged in and affidavits were filed. The motion for summary judgment by defendant Travelers came on for hearing on 8 June 1987. Travelers supported its motion for summary judgment with an affidavit from its claim supervisor, Dorothy Becker, which stated that plaintiff had settled its tort claim against the underinsured motorist without first having obtained Travelers' consent to the settlement. On 9 June the trial court signed and entered summary judgment dismissing plaintiff's action against Travelers. Unigard's motion for summary judgment was continued at its request. The trial court further determined in the judgment that there was no just reason for delay, and on 10 June, plaintiff gave notice of appeal.

*Tucker, Hicks, Moon, Hodge and Cranford, P.A., by John E. Hodge, Jr. and Michael F. Schultze, for plaintiff-appellant.*

*Wade and Carmichael, by J. J. Wade, Jr., for defendant-appellee.*

WELLS, Judge.

The question is whether insured's failure to comply with a provision of an insurance policy requiring him to obtain written consent from the insurer before settling the tort claim against the underinsured motorist relieves the insurer of any obligation to pay on the underinsurance coverage.

The facts are not in dispute. Plaintiff is the administrator of the estate of his daughter, who on 10 December 1983 was fatally injured in an accident while riding as a passenger in an automobile owned and operated by Linda Ann Munao, who was also killed. Plaintiff alleges in his complaint that Ms. Munao's negligent driving caused the accident from which his daughter died, and that the damages for personal injuries to his daughter, her medical care, funeral expenses, and her wrongful death were not less than $650,000.

On the day of the accident there was in effect a policy of motor vehicle liability insurance, issued by Royal Insurance Company of America (Royal) to Ms. Munao, providing coverage for the liability of Ms. Munao with a liability limit for bodily injury of $50,000. There was also in effect on the day of the collision a policy of automobile liability insurance, issued by defendant Travelers, providing underinsurance coverage for plaintiff's decedent with a liability limit of $100,000, subject to certain exclusions. Under the latter policy's rubric Exclusions the following term appears:

A. We do not provide Uninsured Motorists Coverage for property damage or bodily injury sustained by any person:

. . .

2. If that person or the legal representative settles the bodily injury or property damage claim without our written consent.

The above exclusion clearly applies not only to uninsured coverage but to underinsured coverage as well, because the policy manifestly includes the latter as a subcategory of the former.

On 14 August 1984 counsel for plaintiff wrote a letter to defendant Travelers requesting its written consent for plaintiff to settle its claim against the estate of the tortfeasor. By letter dated 24 September 1984 Travelers replied as follows: "We are not in a position to do that at this time and we will advise you when we have come to a conclusion in that regard." Travelers did not further advise, and on 29 November 1985 plaintiff entered into a Settlement Agreement and Release with Royal, the liability insurance carrier of the tortfeasor, under which agreement plaintiff recovered the entire liability coverage of $50,000 from Royal. In return plaintiff released Royal from all claims and covenanted not to sue the estate of the tortfeasor.

The gravamen of Travelers' defense is that by settling with the tortfeasor's estate plaintiff-insured destroyed any right Travelers may have had under the terms of the liability policy and under N.C. Gen. Stat. § 20-279.21(b)(3)b. to be subrogated to plaintiff's rights against the underinsured tortfeasor. As a result, Travelers is barred from recovering from the tortfeasor's estate any underinsurance sums that it pays to plaintiff, its insured.

The plaintiff concedes that the policy with Travelers expressly requires the written consent of the insurer as a precondition to settlement. However, plaintiff contends (1) that such exclusionary provision violates N.C. Gen. Stat. § 20-279.21, (2) that Travelers is estopped to assert the exclusion or has waived it, (3) that Travelers was not materially prejudiced by plaintiff's failure to obtain written consent to settle, and (4) that the underinsured provisions are ambiguous and should be construed against Travelers. We find it necessary to reach only one aspect of plaintiff's arguments inasmuch as Travelers expressly renounces in the disputed policy all right to be subrogated against an underinsured motorist. In the General Provisions section, the policy provides as follows:

### Our Right to Recover Payment

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover

damages from another we shall be subrogated to that right.

That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights in this paragraph do not apply under:

1. Coverage C, D, D1 and D2; and

2. Coverage G or H, against any person using *your covered auto* with a reasonable belief that that person is entitled to do so.

Sections D, D1, and D2 set forth the terms of the policy's uninsured/underinsured motorist coverage.

While it is true that plaintiff's failure to obtain the written consent of Travelers violated a provision expressly denominated by the policy as a condition precedent to coverage, defendant Travelers was not prejudiced by this noncompliance in view of its renunciation of all subrogation right in an underinsurance context. In *Insurance Co. v. Construction Co.*, 303 N.C. 387, 279 S.E. 2d 769 (1981), our Supreme Court held that an unexcused delay by the insured in giving notice of an accident to an insurer does not relieve the insurer of its duties under the policy unless the delay materially prejudices the insurer's ability to defend. By analogy, we hold in the present case that Travelers is not relieved of its obligation to pay underinsurance coverage on account of insured's failure to comply with the policy's consent to settle clause because such noncompliance prejudiced no right reserved by Travelers under the policy.

For the reasons stated, we reverse the entry of summary judgment for defendant Travelers.

Reversed and remanded.

Judges EAGLES and GREENE concur.