DONNA B. PARRISH v. GRAIN DEALERS MUTUAL INSURANCE COMPANY

No. 363PA88

(Filed 5 April 1989)

**Insurance § 69— underinsured motorist coverage—settlement with tort-feasor without insurer's consent**

An insured plaintiff's entry into a settlement with a tort-feasor without the consent of plaintiff's underinsured motorist coverage carrier does not bar her claim for underinsured motorist benefits as a matter of law.

Justice WEBB dissenting.

Justice MEYER joins in this dissenting opinion.

ON defendant's petition for discretionary review of a decision of the Court of Appeals, 90 N.C. App. 646, 369 S.E. 2d 644 (1988), vacating summary judgment in favor of defendant by *Hight, J.*, at the 2 April 1987 session of Superior Court, WAKE County. Heard in the Supreme Court 14 February 1989.

*Johnny S. Gaskins for plaintiff-appellee.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Patricia L. Holland and Theodore B. Smyth, for defendant-appellant.*

MARTIN, Justice.

The issues in this case are virtually identical to those in *Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 378 S.E. 2d 21 (1989), filed contemporaneously with this opinion. Factually, this case differs only in that the insurance policy at issue preserved, rather than waived, the right of subrogation. This difference is not material to our disposition of this appeal.

For the reasons fully and aptly stated in *Silvers*, we hold that plaintiff's entry into a settlement with the tort-feasor without defendant's consent does not bar her claim for underinsured motorist benefits as a matter of law.

The decision of the Court of Appeals is affirmed. However, the case must be remanded to the Court of Appeals for further remand to the trial court to determine whether defendant was

prejudiced by plaintiff's failure to procure its consent to the settlement.

Modified and Affirmed.

Justice WEBB dissenting.

I dissent for the reasons stated in the dissenting opinion in *Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 378 S.E. 2d 21 (1989).

Justice MEYER joins in this dissenting opinion.