DAVID E. BRANCH, ADMINISTRATOR OF THE ESTATE OF CHERYL LYNN BRANCH v. THE TRAVELERS INDEMNITY COMPANY AND UNIGARD MUTUAL IN- SURANCE COMPANY

No. 457PA88

(Filed 4 May 1989)

Insurance § 69— underinsured motorist coverage—settlement without insurer's consent—no bar to recovery

An insured plaintiff's entry into a settlement with a tortfeasor after a failed attempt to procure the consent of defendant underinsured motorist cov- erage carrier did not bar his claim for underinsured motorist benefits as a matter of law. However, the case must be remanded to the trial court to deter- mine whether defendant insurer was prejudiced by plaintiff's failure to pro- cure its consent to the settlement.

Justice WEBB dissenting.

Justice MEYER joins in this dissenting opinion.

ON defendant's petition for writ of certiorari to review a decision of the Court of Appeals, 90 N.C. App. 116, 367 S.E. 2d 369 (1988), reversing and remanding judgment entered by *Snepp, J.,* on 9 June 1987 in MECKLENBURG County Superior Court. Heard in the Supreme Court 14 February 1989.

*Tucker, Hicks, Hodge and Cranford, P.A., by John E. Hodge, Jr., for plaintiff-appellee.*

*Wade and Carmichael, by J. J. Wade, Jr., for defendant- appellant.*

FRYE, Justice.

The issues in this case are virtually identical to those in *Silvers v. Horace Mann Ins. Co.,* 324 N.C. 289, 378 S.E. 2d 21 (1989), and *Parrish v. Grain Dealers Mutual Ins. Co.,* 324 N.C. 323, 378 S.E. 2d 419 (1989). Factually, this case differs only in that a settlement was reached without a lawsuit after a failed attempt to procure the consent of the underinsured motorist coverage car- rier to the settlement. These differences are not material to our disposition of this appeal.

For the reasons fully and aptly stated in *Silvers* and *Parrish,* we hold that plaintiff's entry into a settlement with the tortfeasor

without defendant's consent does not bar his claim for underinsured motorist benefits as a matter of law.

The decision of the Court of Appeals is affirmed. However, the case must be remanded to the Court of Appeals for further remand to the trial court to determine whether defendant was prejudiced by plaintiff's failure to procure its consent to the settlement.

Modified and affirmed.

Justice WEBB dissenting.

I dissent for the reasons stated in my dissent in *Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 378 S.E. 2d 21 (1989).

Justice MEYER joins in this dissenting opinion.