NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant

No. 95-317

(Filed 21 May 1996)

1. **Insurance § 652 (NCI4th)— timely notice of accident— absence of findings and conclusions—dismissal of claim error**

Plaintiff automobile insurer's claim for contribution against defendant trailer insurer was improperly dismissed for lack of prompt notice of the accident absent findings and conclusions as to whether notice of the accident was given as soon as practicable; if it was not, whether plaintiff acted in good faith; and whether defendant was materially prejudiced by the delay.

**Am Jur 2d, Automobile Insurance §§ 373 et seq.**

NATIONWIDE MUT. INS. CO. v. STATE FARM MUT. AUTO. INS. CO.

[122 N.C. App. 449 (1996)]

**Failure to give notice, or other lack of co-operation by insured, as defense to action against compulsory liability insurer by injured member of the public. 31 ALR2d 645.**

**2. Insurance § 652 (NCI4th)— insured's delay in giving notice of accident—circumstances under which insurer relieved of duty to defend**

The rule of *Great American Ins. Co. v. Tate Construction Co.*, 303 N.C. 387, that an unexcused delay by an insured in giving notice of an accident to its insurer does not relieve the insurer of the duty to defend and indemnify unless the delay materially prejudiced the insurer's ability to investigate and defend, though not applicable to disputes between insurance companies over contracts of reinsurance, was nevertheless applicable to this claim for contribution by plaintiff automobile insurer against defendant trailer insurer, since the contract at issue in this case was formed between defendant and its insured, and it was therefore not negotiated at arm's length between two insurance companies as are contracts of reinsurance.

**Am Jur 2d, Automobile Insurance §§ 373 et seq.**

**Failure to give notice, or other lack of co-operation by insured, as defense to action against compulsory liability insurer by injured member of the public. 31 ALR2d 645.**

**3. Insurance § 692 (NCI4th)— costs of defense and settlement—claim for contribution stated—no claim for subrogation**

Plaintiff automobile insurer stated a viable claim for contribution against defendant insurer of the trailer the automobile was towing at the time of an accident for defendant's share of the defense costs (including attorney's fees) incurred and settlement payments made in defense of the driver and the owner of the vehicle involved in the accident, since plaintiff's complaint did not seek relief under a theory of subrogation; plaintiff's complaint and its policy failed to show that plaintiff was entitled to sue as a subrogee of its insureds; an insurer who has a duty to defend may not recover its defense costs, under a theory of equitable subrogation, from another insurer who also has a duty to defend; plaintiff was not a mere volunteer in defending and settling the claims and therefore barred from contribution under that theory; the "no legal action" provision of defendant's policy did not support the

trial court's dismissal of plaintiff's claim, as that provision would be reflective if the trial court found that defendant had a duty to defend and breached that duty; and the three-year statute of limitations of N.C.G.S. § 1-52(1) applied rather than the one-year statute of N.C.G.S. § 1B-3, so that plaintiff's action was not barred by the statute of limitations.

**Am Jur 2d, Automobile Insurance §§ 432 et seq.**

Appeal by plaintiff from orders entered 14 December 1994 by Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 7 December 1995.

*Morgan & Reeves, by Robert Morgan and Robert R. Gardner, for plaintiff-appellant.*

*Law Offices of Douglas F. DeBank, by Douglas F. DeBank and John T. Honeycutt, for defendant-appellee.*

LEWIS, Judge.

In this appeal, plaintiff seeks the opportunity to recover contribution from defendant for settlement payments made and defense costs incurred by plaintiff in regard to claims arising out of a traffic accident.

On 28 June 1986, James Elvin Browning, Jr. ("J.E. Browning") was driving a 1978 Ford Bronco owned by Brett Robbins and was pulling a trailer owned by Robert Franklin Caylor. Brett Robbins, Angie Robbins, and Teenia Warner Browning ("T.W. Browning") were passengers. J.E. Browning lost control of the Bronco; all occupants were injured. The Bronco was covered by a Nationwide policy issued to Brett Robbins. The trailer was allegedly covered by a State Farm policy issued to Wanda Seagroves Caylor, the wife of Robert Franklin Caylor. Plaintiff settled the claims of Brett and Angie Robbins. On 8 June 1989, T.W. Browning filed suit against J.E. Browning and Brett Robbins ("tort suit"). Nationwide hired a law firm to defend J.E. Browning and Brett Robbins. On 31 January 1991, Nationwide notified State Farm that the trailer owned by Robert Caylor was involved in the accident. The tort suit came on for trial for the first week of May 1991 and was settled by Nationwide on 2 May 1991. On 11 December 1991, State Farm denied coverage.

Plaintiff filed this action on 3 December 1993 seeking contribution from defendant for settlement payments made and defense costs

incurred in regard to the suit filed by T.W. Browning. On 14 February 1994, defendant answered and moved to dismiss the claim. On 27 September 1994, plaintiff moved for summary judgment. On 14 December 1994, Judge Henry W. Hight, Jr. denied plaintiff's motion for summary judgment and granted defendant's motion to dismiss under N.C.R. Civ. P. 12(b)(6). Plaintiff appeals.

Plaintiff assigns error to the trial court's order dismissing its complaint.

[1] Plaintiff argues that it is entitled to contribution because defendant breached its duty to defend J.E. Browning and Brett Robbins. Defendant asserts that it was relieved of any alleged duty it had to defend by plaintiff's delay in giving notice of the accident.

[2] Relying on *Great American Insurance Company v. Tate Construction Company* ("*Tate*"), 303 N.C. 387, 279 S.E.2d 769 (1981), plaintiff contends that it acted in good faith and that defendant was not prejudiced by the delay in notice. Defendant contends that *Tate* does not apply, and even, if it does, that it has been prejudiced by the delay in notice.

In *Tate*, our Supreme Court, overruling previous caselaw, held that an unexcused delay by an insured in giving notice of an accident to its insurer does not relieve the insurer of the duty to defend and indemnify unless the delay materially prejudices the insurer's ability to investigate and defend. *Tate*, 303 N.C. at 390, 279 S.E.2d at 771. Relying on *Stonewall Insurance Co. v. Fortress Reinsurers Managers*, 83 N.C. App. 263, 350 S.E.2d 131 (1986), *disc. review denied*, 319 N.C. 410, 354 S.E.2d 728 (1987), defendant argues that *Tate* does not apply to this dispute because it is between two insurance companies. We disagree. *Stonewall* held that *Tate* did not apply to disputes between insurance companies over contracts of reinsurance because these contracts are negotiated at arm's length between insurance carriers who stand on equal footing. *Id.* at 269, 354 S.E.2d at 134. The contract at issue here was formed between the defendant and its insured. It was not negotiated at arm's length between two insurance companies as are contracts of reinsurance. We hold that *Tate* applies.

Under *Tate*, we cannot now determine whether defendant was relieved of its alleged duty to defend due to lack of timely notice. When an insurer claims notice was untimely, the insured must prove that notice was given as soon as practicable, and if it was not, that he

or she acted in good faith. *Tate*, 303 at 399, 279 S.E.2d at 776. If good faith is shown, the burden then shifts to the insurer to prove that its ability to investigate and defend was materially prejudiced by the delay. *Id.* The trier of fact must make findings as to whether notice was given as soon as practicable, and if it was not, as to whether the insured, or here plaintiff, acted in good faith. *See id.* If plaintiff did act in good faith, the trier of fact must then determine whether State Farm was materially prejudiced by the delay. *See id.* Dismissal of plaintiff's claim for lack of prompt notice was not proper absent findings and conclusions on these issues. *See id.* at 400, 279 S.E.2d at 777.

Defendant contends that dismissal was proper because neither Brett Robbins nor J.E. Browning are covered by its policy. Plaintiff asserts that both are covered persons under defendant's policy. We have reviewed the complaint filed in the tort suit, the pleadings filed in this suit, and the provisions of defendant's policy. These are sufficient to permit plaintiff to proceed with its proof of coverage. Dismissal of plaintiff's claim, if premised on this coverage issue, was premature.

**[3]** Defendant further asserts that dismissal by the trial court was proper because plaintiff has not stated a viable claim. Plaintiff contends that it is entitled to recover, either in contribution under its own name or through subrogation rights it has through its insureds, defendant's share of the defense costs (including attorney's fees) incurred and settlement payments made in the defense of J.E. Browning and Brett Robbins. We conclude that plaintiff has not stated a claim for subrogation but has stated a claim for contribution.

We first note that plaintiff, in its complaint, does not seek relief under a theory of subrogation but simply asserts that it is entitled to contribution from defendant. Furthermore, plaintiff's complaint and the policy it issued to Brett Robbins fail to show that plaintiff is entitled to sue as a subrogee of its insureds. An insurer who has a duty to defend its insured may not recover its defense costs, under a theory of equitable subrogation, from another insurer who also has a duty to defend the insured. *See Fireman's Fund Ins. Co. v. North Carolina Farm Bureau Mut. Ins. Co.*, 269 N.C. 358, 362, 152 S.E.2d 513, 517 (1967) ("*Fireman's Fund*"). In contrast, an insurer may recover under subrogation theory if the insurer defends an insured with the good faith belief that he has an interest to protect although the insurer in fact has no duty to defend and no liability. *See Jamestown Mut. Ins. Co. v. Nationwide Mut. Ins. Co.*, 277 N.C. 216, 220-21, 176 S.E.2d 751,

NATIONWIDE MUT. INS. CO. v. STATE FARM MUT. AUTO. INS. CO.

[122 N.C. App. 449 (1996)]

755 (1970) ("*Jamestown*"). The insurer who sought recovery by subrogation in *Jamestown* had no liability due to a "super escape" clause in its policy. *See Jamestown*, 277 N.C. at 220, 176 S.E.2d at 755; *see also Horace Mann Ins. Co. v. Continental Casualty Co.*, 54 N.C. App. 551, 555-57, 284 S.E.2d 211, 213-14 (1981) (defining a "super escape" clause). Since plaintiff's policy does not have a "super escape" clause, *Jamestown* does not apply.

In its complaint, plaintiff admits that the policy it issued to Brett Robbins provided liability coverage for Robbins and J.E. Browning. Accordingly, plaintiff had a duty to defend. *Cf. Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 691, 340 S.E.2d 374, 377 (1986). Given this duty, as in *Fireman's Fund*, plaintiff may not recover any portion of its defense costs or settlement payments made under subrogation theory.

However, plaintiff may proceed by way of contribution. The policy defendant issued to Wanda Caylor included an "other insurance" clause which provides the following, in pertinent part:

> If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits . . . .

Plaintiff has stated only a claim for contribution to recover defendant's share of defense costs incurred and settlement payments made to settle the tort suit. *See Ames v. Continental Casualty Co.*, 79 N.C. App. 530, 540, 340 S.E.2d 479, 486, *disc. review denied*, 316 N.C. 730, 345 S.E.2d 385 (1986).

Defendant asserts that plaintiff is not entitled to contribution in that plaintiff was a mere volunteer in defending J.E. Browning and Brett Robbins and making the settlement payments. When suing as a subrogee, a mere volunteer may not recover defense costs and settlement payments. *See Jamestown*, 277 N.C. at 221-22, 176 S.E.2d at 755-56. It would be illogical not to apply the same rule to claims for contribution between insurers. However, we need not decide if a mere volunteer may recover in a claim for contribution, because plaintiff was not a mere volunteer. In defending J.E. Browning and Brett Robbins and settling the claims, plaintiff was protecting a "real or supposed right or interest" of its own. *See id.*

Defendant asserts that plaintiff's claim is barred by the "no legal action" provision of its policy. This provision declares:

NATIONWIDE MUT. INS. CO. v. STATE FARM MUT. AUTO. INS. CO.

[122 N.C. App. 449 (1996)]

**LEGAL ACTION AGAINST US**

No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1. We agree in writing that the **covered person** has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

Provisions of this type generally are enforceable. *E.g. Fleming v. Insurance Co.*, 269 N.C. 558, 153 S.E. 2d 60 (1967). However, an insurer who unjustifiably refuses to defend an insured breaches the insurance contract and waives any provisions that define the insured's duties and obligations. *Ames*, 79 N.C. App. at 538, 340 S.E.2d at 485 (citing *Nixon v. Ins. Co.*, 255 N.C. 106, 120 S.E.2d 430 (1961)). If the trial court finds that defendant had a duty to defend and breached that duty, the "no legal action" provision is ineffective. Accordingly, the "no legal action" provision of defendant's policy does not support the trial court's dismissal of plaintiff's claim at this stage of the proceedings.

Defendant also contends that plaintiff's claim is barred by the applicable statute of limitations. We disagree. An insurer who sues another insurer under a theory of equitable subrogation to recover settlement payments and defense costs is barred from recovering payments made and expenses incurred more than three years before suit was filed. *See Jamestown*, 277 N.C. at 222, 176 S.E.2d at 756; *see also Duke Univ. v. St. Paul Mercury Ins. Co.*, 95 N.C. App. 663, 669-70, 384 S.E.2d 36, 40-41 (1989). Although we have held that plaintiff has not stated a claim under subrogation theory, we hold that its claim for contribution is sufficiently analogous to a claim for subrogation under *Jamestown* to warrant application of the three year statute of limitations set out in N.C. Gen. Stat. section 1-52(1). We disagree with defendant's assertion that the one year statute of limitations under N.C. Gen. Stat. section 1B-3 bars plaintiff's claim. G.S. section 1B-3 applies to actions for contribution among joint tortfeasors. *Wise v. Vincent*, 265 N.C. 647, 649, 144 S.E.2d 877, 879 (1965). We hold that it does not apply to claims between insurance companies who both provide coverage to the same tortfeasor(s).

Given the three-year statute of limitations affecting contracts under G.S. section 1-52(1), an insured has three years from the date

each legal expense is incurred to bring suit against the insurer for its refusal to defend the insureds. *See Duke Univ.*, 95 N.C. App. at 672, 384 S.E.2d at 41. In like manner, if defendant breached a duty to defend, plaintiff is not barred from seeking contribution for payments made and expenses incurred on or after the date of breach.

Plaintiff also assigns error to the trial court's denial of its motion for summary judgment. Generally, an order denying summary judgment is interlocutory, does not affect a substantial right, and is not immediately appealable. *Herndon v. Barrett*, 101 N.C. App. 636, 639, 400 S.E.2d 767, 769 (1991). This assignment of error is overruled.

The order dismissing plaintiff's claim for contribution against defendant is reversed.

Reversed and remanded.

Judges WYNN and JOHN concur.