BOND/TEC, INC., PLAINTIFF v. SCOTTSDALE INSURANCE COMPANY, DEFENDANT

No. COA04-1591

(Filed 6 December 2005)

**Insurance— commercial liability policy—voluntary payments clause—summary judgment incorrectly granted**

Summary judgment should not have been granted for defendant-insurance company for breach of a voluntary payments clause where plaintiff began to install a roof on a school, the temporary seal leaked, plaintiff hired a company to clean up the water damage, and defendant denied coverage. Even assuming a breach of the voluntary payments clause, defendant is not entitled to summary judgment because it made no showing of prejudice.

Appeal by plaintiff from order entered 4 October 2004 by Judge W. Douglas Albright in Forsyth County Superior Court. Heard in the Court of Appeals 17 August 2005.

*Law Offices of J. Darren Byers, PA, by J. Darren Byers, for plaintiff-appellant.*

*Wilson & Iseman, LLP, by G. Gray Wilson and David R. Fothergill, for defendant-appellee.*

ELMORE, Judge.

Bond/Tec, Inc. (plaintiff) appeals an order of summary judgment entered in favor of Scottsdale Insurance Company (defendant) on plaintiff's claim for breach of insurance contract. Plaintiff entered into a contract with the Newton-Conover City Schools for the re-roofing of Newton-Conover High School on or about 11 June 2003. The contract price was $174,405.00, and plaintiff was required to post a performance bond of $50,000.00, which was to be held in escrow until completion of the work to ensure plaintiff's "satisfactory and timely finishing of the project." As stated in plaintiff's complaint, the school incurred over $49,200.00 in property damage after temporary "tie-offs" plaintiff used to seal the roof of the school at night failed and rain water leaked into the school building. Plaintiff contacted defendant in an effort to obtain coverage for the property damage. On or about 9 July 2003, plaintiff's president, Joe Bond (Mr. Bond), hired Servpro to clean up water damage caused by the leaking roof at

Newton-Conover High School. The Servpro invoice stated that Mr. Bond had said "that he would pay for this [water] damage out of his own pocket." According to defendant, on 14 July 2003 defendant sent a letter to plaintiff and school administrators denying coverage. In a letter dated 18 July 2003, the architect on the job, Robert L. Clark, advised plaintiff to confer with defendant "and get this settled A.S.A.P. since school starts again the first week in August and students will have to occupy these [damaged] rooms, use the computers, etc." The letter went on to remind plaintiff that the Newton-Conover School Board held plaintiff's $50,000.00 certified check as security to ensure satisfactory completion of the work.

In a letter dated 25 July 2003, the Superintendent of Newton-Conover City Schools summarized the discussion between school administrators and Mr. Bond that had occurred earlier that day. The letter stated that Mr. Bond had verbally agreed to pay for the full replacement cost of numerous items that were damaged by the water leakage. Mr. Bond stated in an affidavit that he agreed to pay the school system for the water damage in an effort to protect the performance bond.

Plaintiff commenced this action on 26 February 2004, alleging that defendant breached the parties' commercial general liability insurance policy (policy) and seeking recovery of at least $49,000.00. Defendant filed a motion for summary judgment contending, *inter alia*, that plaintiff "paid a claim for which it was not responsible as a volunteer." On 28 September 2004 Mr. Bond submitted an affidavit in which he stated that he had hired Servpro for the purpose of preventing mold and mildew damage and that he "in no way agreed to pay Servpro or any other company or entity to make any other repairs prior to the insurance claim being denied." On 4 October 2004 the trial court granted defendant's motion for summary judgment, and on 13 October 2004 plaintiff filed notice of appeal to this Court.

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment because genuine issues of material fact exist as to whether plaintiff's payment was voluntary. When considering a motion for summary judgment, a trial court must resolve all inferences against the moving party and accept as true the facts asserted by the nonmovant. *See Holley v. Burroughs Welcome Co.*, 318 N.C. 352, 356, 348 S.E.2d 772, 774 (1986). A moving party can meet its burden under N.C.R. Civ. P. 56(c) "(1) by showing that an essential element of the opposing party's claim is nonexistent; or (2) demonstrating that the opposing party cannot produce evidence suf-

BOND/TEC, INC. v. SCOTTSDALE INS. CO.

[174 N.C. App. 820 (2005)]

ficient to support an essential element of the claim or overcome an affirmative defense which would work to bar his claim." *Wilhelm v. City of Fayetteville*, 121 N.C. App. 87, 89, 464 S.E.2d 299, 300 (1995).

Defendant asks this Court to affirm the order of summary judgment on the basis that plaintiff breached the voluntary payments clause of the parties' policy and thus defendant has no obligation to reimburse plaintiff. The policy provides in pertinent part as follows:

c. You and any other involved insured must:

. . .

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"[.]

. . .

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Defendant contends that plaintiff made a voluntary payment to the school for its loss and that this action breached the voluntary payments clause of the parties' contract. Specifically, defendant asserts that plaintiff's decision to reimburse the school for its loss was unilaterally undertaken before defendant informed plaintiff on 14 July 2003 of the denial of the claim. However, the record is lacking of evidence beyond factual dispute to establish plaintiff's voluntary payment or agreement to pay prior to the denial of the claim. A claims representative for defendant stated in an affidavit that defendant sent a letter on 14 July 2003 denying coverage. The only undisputed evidence of payment or agreement to pay by plaintiff is the 25 July 2003 letter from the Superintendent of Newton-Conover schools. Plaintiff's agreement in this letter, and any subsequent payment in accordance with the agreement, occurred after defendant denied coverage on 14 July 2003.[1]

---

1. Defendant does not argue that plaintiff's agreement in the 25 July 2003 letter was a breach of the voluntary payments clause of the policy. Indeed, courts have held that an insured's unauthorized settlement payment made after an insurer's denial of a claim does not relieve the insurer of its obligations. *See Franklin v. Oklahoma City Abstract & Title Co.*, 584 F.2d 964, 968 (10th Cir. 1978) ("provisions prohibiting out-of-court settlements between an insured and a claimant without the consent of the insurer are not enforced when the insurer repudiates coverage or denies liability"); *Bunge Corp. v. London & Overseas Ins. Co.*, 394 F.2d 496, 497 (2nd Cir. 1968) (after insurer denies liability, insured may settle with third party without prejudicing its rights against insurer).

## BOND/TEC, INC. v. SCOTTSDALE INS. CO.

[174 N.C. App. 820 (2005)]

The evidence regarding plaintiff's agreement to pay in the Servpro invoice dated 9 July 2003 is in dispute. Defendant contends that the invoice establishes an agreement by plaintiff to pay the school for its damages. In contrast, plaintiff argues that it did not agree in this invoice to pay for any repairs beyond those handled by Servpro. The total amount listed on the Servpro invoice was $9,630.57. The notation on the invoice merely stated that plaintiff's president "would pay for this damage out of his own pocket." If plaintiff did in fact agree to pay all Servpro repairs at its own cost, then plaintiff did not assume an obligation in violation of the voluntary payments clause. As the trial court must resolve all inferences against the moving party, *see Holley*, 318 N.C. at 355-56, 348 S.E.2d at 774, summary judgment could not be properly granted to defendant based upon plaintiff's agreement with Servpro.

Moreover, assuming *arguendo* that plaintiff did breach the voluntary payments clause, defendant would not automatically be relieved of its obligation to reimburse plaintiff. In *Henderson v. Insurance Co.*, 254 N.C. 329, 118 S.E.2d 885 (1961), our Supreme Court determined that insurance contract provisions which are conditions to liability under the contract would be interpreted consistent with the purpose underlying them:

> The provisions are to be given a reasonable interpretation to accomplish the purpose intended, that is, to put insurer on notice and afford it an opportunity to make such investigation as it may deem necessary to properly defend or settle claims which may be asserted, and to cooperate fairly and honestly with the insurer in the defense of any action which may be brought against insured, and upon compliance with these provisions to protect and indemnify within the policy limits the insured from the result of his negligent acts. **An insurer will not be relieved of its obligation because of an immaterial or mere technical failure to comply with the policy provisions. The failure must be material and prejudicial.**

*Henderson*, 254 N.C. at 332, 118 S.E.2d at 887 (emphasis added). *Henderson* involved the insured's alleged breach of the cooperation clause of an insurance contract. *See id.* This Court has not addressed whether a breach of a voluntary payments clause by an insured relieves the insurer of liability. However, in *Branch v. The Travelers Indemnity Co.*, 90 N.C. App. 116, 119, 367 S.E.2d 369, 371 (1988), *aff'd*, 324 N.C. 430, 378 S.E.2d 748 (1989), the Court stated that the failure of an insured to comply with the "consent to settle" provision

of an insurance contract does not relieve the insurer of its obligation to pay underinsured motorist coverage. Also, this Court has stated that where an insured fails to give timely notice of a suit against the insured, the insurer must show material prejudice in order to be relieved of its obligation to pay the claim. *See, e.g., Nationwide Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 122 N.C. App. 449, 452-53, 470 S.E.2d 556, 558 (1996) (where notice was given as soon as practicable or insured shows good faith for delay, insurer must show that its ability to investigate and defend was materially prejudiced).

Thus, in North Carolina an insurer may not rely upon the breach of consent-to-settlement, notice, or cooperation provisions in order to relieve itself of liability to pay the claim; the insurer must demonstrate prejudice to its ability to investigate or defend the claim. By analogy, we conclude an insurer must show prejudice where the insured has breached the voluntary payments clause of the parties' insurance contract. Defendant has not demonstrated that plaintiff's actions prevented defendant from investigating or litigating the claim. *Cf. South Carolina Ins. Co. v. Hallmark Enterprises*, 88 N.C. App. 642, 649-50, 364 S.E.2d 678, 682 (insurer prejudiced by insured's breach of notice provision where insured entered into valid and enforceable default judgment before giving notice of suit; insurer prevented from investigating or litigating the action), *disc. review denied*, 322 N.C. 482, 370 S.E.2d 228 (1988); *Augat, Inc. v. Liberty Mut. Ins. Co.*, 571 N.E.2d 357, 361 (Mass. 1991) (insurer prejudiced by insured's breach of voluntary payment clause where insured entered into consent judgment); *Liberty Mut. Ins. Co. v. Cruz*, 883 S.W.2d 164, 166 (Tex. 1993) (insurer prejudiced as a matter of law where insurer not notified of suit until after default judgment became final). As defendant has made no showing of how it was prejudiced by plaintiff agreeing to pay for a portion of the repairs, it is not entitled to summary judgment on the basis of plaintiff's violation of the voluntary payments clause. In sum, we determine that the trial court erred in entering summary judgment for defendant because there is a genuine issue of material fact as to whether plaintiff breached the voluntary payments clause and because defendant has not shown prejudice as a result of any breach.

Reversed and remanded.

Judges CALABRIA and GEER concur.